### 10350

HARMON v. HINES, DIRECTOR GENERAL OF RAILROADS.
(101 S. E. 925.)

RAILROADS—SERVICE OF PROCESS UPON AGENT OF CARRIER UNDER FEDERAL CONTROL INSUFFICIENT.—Under General Orders No. 50 and No. 50a, requiring service of process to be made upon operating officials operating for the Director General the carrier in respect of which the cause of action arises, service upon a railroad's agent having no connection with the railroad in respect of which the cause of action arose is insufficient and must be set aside.

Before MAULDIN, J., Lexington, at chambers, April 5, 1919.  Reversed.

Action by T. L. Harmon against Walker D. Hines, Director General of Railroads.  From an order overruling motion to set aside service, defendant appeals.

*Messrs. Geo. B. Cromer* and *C. M. Efird,* for appellant. *Mr. Cromer* submits : *The service should have been made upon an operating official operating the Seaboard Air Line Railway, the railroad in respect of which the cause of action*

*arose:* General Orders No. 50 and No. 50a; 99 S. E. 846; *Northern Pacific Railway Company v. State of North Dokata,* 249 U. S. —; 39 Sup. Ct. 502; 63 L. Ed. 258; Fed. 945; 254 Fed. 880; 256 Fed. 549.

*Messrs. Timmerman, Graham & Callison,* for respondent (oral argument).

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This is an action for the value of six bales of cotton alleged to have been delivered to defendant at Swansea, a station on the line of the Seaboard Air Line Railway, in Lexington county, on or about May 25, 1918, to be carried to the plaintiff at Lexington, a station on the line of the Southern Railway Company. February 13, 1919, the summons was served upon the agent on a line of the Southern Railway at Lexington. A motion was duly made to set aside the service of the summons on the ground that J. C. Kirkland, upon whom the service was made, was an agent of the government on a line of the Southern Railway, operated by the Director General of Railroads, but he had no connection with the operation of the Seaboard Air Line Railroad, the carrier in respect of which, as indicated in the complaint, the cause of action arose. This appeal is from an order of his Honor, Judge Mauldin, April 5, 1919, overruling the motion."

The exceptions must be sustained, as General Orders No. 50 and No. 50a require service of process to be "made upon operating officials operating for the Director General of Railroads the railroads or other carrier in respect of which the cause of action arises."

A review of the act of Congress, the proclamation of the President, and the general orders of the Director General shows no intention on the part of the government to destroy the identity and integrity of the several railway systems.

The control of the government is absolute; yet the identity of each system is retained for the operating and accounting. The service on the agent of the Southern was not a good service. Service should have been made upon an agent in control of the railroad in respect of which the cause of action arose. Service cannot be made on any agent of any road over which the Director General has assumed control, but only upon an official operating the railroad in respect to which the cause of action arose.

Judgment reversed.