## JENKINS v. THE STATE.

HILL, J. 1. A ground of the motion for new trial which complains that "the court failed to charge the law and [of] manslaughter" is not a good assignment of error, and can not be considered by the Supreme Court. Each assignment must be complete within itself. If manslaughter should have been charged, it is necessary that the ground of the motion for new trial complaining of the refusal to so charge should state what grade of manslaughter, whether voluntary or involuntary. *Knight* v. *State,* 148 *Ga.* 40 (3), 41 (95 S. E. 679).

2. Other assignments of error, where sufficient to raise a question for determination by the court, are without merit.

3. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 1694. April 14, 1920.

Indictment for murder. Before Judge Humphries. Fulton superior court. September 20, 1919.

Will Jenkins was indicted and tried for murder; and a verdict of guilty, with a recommendation to mercy, was returned. A motion for new trial was overruled, and the defendant excepted.

*Thomas B. Brown* and *Charles J. Graham,* for plaintiff in error.

*Clifford Walker, attorney-general, John A. Boykin, solicitor-general, M. C. Bennet,* and *E. A. Stephens,* contra.