### 11446.   HINES, director-general, *et al.* v. McCOOK.

1. In charging the jury it is not error for the court to state to the jury any contention of the plaintiff as set forth in his petition, where it is supported by evidence, and especially where the contention and the stated facts upon which it is based are expressly and specifically denied in the defendant's answer. This is true even though the undisputed evidence may show that for some other reason the plaintiff is not entitled to recover on that particular contention. Prejudicial error was committed as to one of the defendants in this case, however, in the statement of the court to the jury that the plaintiff alleged that the defendants were negligent in establishing and maintaining a dangerous crossing, when no such allegation was made as to that defendant and the allegation as to negligence in this respect was limited to the other defendant.

2. The statutory presumption of negligence, as set forth in section 2780 of the Civil Code of 1910, is applicable in a suit against the director-general of railroads, where the damage sued for was caused by the running of the locomotives or cars of any of the railroads under his control as director-general.

DECIDED JUNE 15, 1920. REHEARING DENIED JULY 14, 1920.

Action for damages; from city court of Albany — Judge Clayton Jones. March 8, 1920.

*Peacock & Gardner, Pope & Bennet,* for plaintiffs in error.

*E. E. Cox, Lippitt & Burt,* contra.

BROYLES, C. J. Mrs. Nora McCook brought her joint suit against Walker D. Hines, director-general of railroads, and H. A. McGee, for the alleged negligent homicide of her husband at a railroad-crossing. A verdict against both defendants was returned, their separate motions for a new trial were overruled, and they excepted. Counsel for the plaintiffs in error, in their brief and in their oral argument before this court, expressly abandoned every assignment of error except as to the overruling of the 4th, 5th, and 6th special grounds of the motions for a new trial.

The 4th ground in effect complains that the court erred in stating to the jury that the plaintiff alleged that the defendants, the director-general of railroads and McGee, were negligent in establishing and maintaining an unsafe and dangerous crossing. This charge was clearly erroneous and prejudicial so far as the defendant McGee was concerned, since the plaintiff in her petition did not charge McGee with this particular act of negligence, but specifically limited it to the other defendant, the director-general of railroads; and as it is impossible to know on which particular act of negligence alleged in the petition the verdict against the defendant McGee was based, this error requires a new trial for him.

The charge is further complained of as erroneous as against the other defendant, the director-general of railroads, for the reason that the undisputed evidence showed that the deceased was well acquainted with the dangerous crossing, and that he voluntarily, and not in an emergency, attempted to use it, and that therefore he was himself guilty of such gross negligence as to bar the plaintiff from a recovery on this particular allegation of negligence. Counsel for the director-general of railroads earnestly insist that under such circumstances it was harmful error against that defendant for the court to merely instruct the jury that one of the

contentions of the plaintiff was that the defendant was negligent in maintaining an unsafe and dangerous crossing. We can not agree with this contention of learned counsel. Conceding, for the sake of the argument, that counsel are correct in their contention that the undisputed evidence showed that the deceased personally knew that the crossing was unsafe and dangerous, and that he voluntarily and not in an emergency attempted to use it, and therefore that the plaintiff was not entitled to recover on account of the negligence of the defendant in maintaining the crossing, we do not think that the court erred in merely stating to the jury that one of the contentions of the plaintiff was that the defendant was negligent in maintaining an unsafe and dangerous crossing. This contention was specifically set out in the plaintiff's petition, and was expressly and specifically denied in the defendants' answers, and a direct and clear-cut issue was thereby made. Under such circumstances the director-general of railroads, if dissatisfied with the judgment against him, should have sought a reversal thereof on some other assignment of error.

In this special ground of the motion for a new trial three excerpts from the charge of the court are complained of, but they cover substantially the same subject-matter, and none of them is prejudicial to the defendant, the director-general of railroads, for any reason assigned, and especially when the excerpts are considered in the light of the entire charge and all the facts of the case. The certified copy of the charge of the court comprises fourteen closely typewritten pages, and is a very clear, comprehensive, and fair presentation of the contentions of the parties (with the exception already pointed out) and of the law applicable thereto.

2. There is no substantial merit in either the 5th or 6th special ground of the motion for a new trial. The instructions therein complained of were, in effect, that where it was shown that a person had been injured by the running of the cars of a railroad company, a presumption of negligence against the company arose. These instructions were not erroneous for any reason assigned.

The director-general of railroads, so far as the suit was concerned, was merely a substitute for the railroad company, and, under the law, assumed all of its burdens; and we think it quite clear that under the act of Congress of March 21, 1918 (40 Stat. ch. 25, § 10, U. S. Comp. Stat. 1918, § 3115 3/4 j), the director-

general of railroads was precluded from making any defense in this case that the railroad company itself could not have made.

The court, in these instructions, did not charge that the presumption would arise against the defendant McGee, but charged merely that it would arise against the railroad company. If the defendant McGee desired a specific instruction that the presumption would not arise against him, he should have presented a timely written request therefor.

*Judgment affirmed as to the defendant Hines, director-general of railroads; reversed as to the defendant McGee. Luke and Bloodworth, JJ., concur.*