### 12485. PAYNE, director-general, *v.* MONROE.

JENKINS, P. J. 1. The petition, even before amendment, did not fail to set forth a cause of action, and was therefore not subject to the general demurrer, since it does not appear that the demurrage charges, which it is alleged the defendant unlawfully collected, accrued by virtue of any contract of shipment, and since, under the rules of the railroad commission, fixing and prescribing a schedule of demurrage rates, it is also provided, as a prerequisite to such a charge, that the delivering carrier shall have given notice to the consignee of the arrival of the freight at the point of destination, and since the petition alleges that no such notice was given to the consignee. It is ordinarily the rule, as provided by the railroad commission, that, where a consignor ships goods to himself or to his order, the prescribed written notice, duly mailed to the consignee at the point of delivery, shall be sufficient legal notice, whether the consignee actually receives it or not.

2. Although the allegations of the original petition, setting up that the agent at the point of shipment had misled and deceived the shipper by stating that the goods would be routed to the point of destination over the line of a different carrier, and the amendment alleging that this false statement constituted fraud on the part of the defendant, were not subject to the objection urged, that such allegations were an attempt to contravene the statute of frauds (since, the bill of lading not being before us, it cannot be said that anything therein is in conflict with the alleged oral statement of the receiving and routing agent), and while such a statement of an agent of the defendant, acting as the receiving and routing agent, if not in conflict with the written terms of the contract of shipment, might be sufficient to relieve the shipper of the demurrage charges, in the absence of actual notice that the goods had been received and were being held at the point of destination by another carrier, still, since the petition nowhere shows that such receiving and routing agent was the agent of the delivering carrier that made and received the demurrage charges as warehouseman, both such original allegations and those contained in the amendment should, on the special demurrer thereto, have been adjudged insufficient on that particular theory.

3. Federal control, under the acts of Congress and the proclamations and orders of the President of the United States and the director-general of railroads, while effecting a consolidation of the physical control of the different transportation systems, did not effect a consolidation of the individual companies so far as their respective legal rights and liabilities were concerned. Missouri Pacific R. Co. *v.* Ault, 256 U. S. 554 (41 Sup. Ct. Rep. 593, 595, 596); *Hines* v. *McCook*, 25 *Ga. App.* 395 (103 S. E. 690); 4 A. L. R. 1680, case notes; 10 A. L. R. 956, notes; 8 A. L. R. 969, notes; 13 A. L. R. 1023, notes. Hence, the allegation that the receiving and routing agent making the misleading statements was the agent of the director-general did not amount to an allegation that he was the agent of the delivering carrier, that, as a warehouseman, made and collected the demurrage charge after the termination of the transportation.

4. The remaining grounds of special demurrer are without merit.

*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED DECEMBER 14, 1921.

Appeal; from Chatham superior court — Judge Meldrim. April 6, 1921.

*Lawrence & Abrahams, Edwin A. Cohen,* for plaintiff in error. *Leo A. Morrisey, Shelby Myrick,* contra.