## PAYNE, agent, etc. *v.* LYON.

1. A ground of a motion for new trial which complains of the admission of evidence the admissibility of which depends upon the date of the occurrence to which it relates, which date is not set out therein, and which can only be ascertained from an examination of the brief of evidence, is incomplete; and can not be considered by this court.

2. The court erred in admitting proof of the probability of an increase of wages of an employee injured while in the service of the director-general of railroads, due to promotion on account of seniority, such promotion being dependent upon merit and ability as well as seniority.

3. The director-general of railroads has to be treated as the director of each separate system of transportation under his control; and the separate systems which were operated by him were distinct and independent parties.

4. On the trial of an action by a fireman against the director-general, to recover damages for personal injuries sustained by him while in the

service of the director-general, on an engine which was pulling a train of the Louisville & Nashville Railroad over the track of the Western & Atlantic Railroad, his injuries being caused by this engine having run into a landslide on the track of the latter company, which had not surrendered complete possession of its track to the Louisville & Nashville Railroad, it was error for the court to admit in evidence, over timely objection of the defendant that they were irrelevant, operating rules of the first-named company, one of said rules requiring the engineer to report to his proper officers any damage to track, structures, or rolling-stock, and the other defining the duties of section foremen of said first-named company; it not being shown that any employee of said company had violated said rules.

5. The trial court did not err in giving in charge to the jury the instruction set out in the fifth ground of the motion for new trial.

No. 3154.    November 16, 1922.

Certiorari; from Court of Appeals. 28 *Ga. App.* 246.

Charles P. Lyon brought suit against Walker D. Hines as director-general of railroads, the Louisville & Nashville Railroad Co., and the Western & Atlantic Railroad Co. These railroads were subsequently striken as defendants. Lyon was a locomotive fireman of the Louisville & Nashville Railroad, which was operated by the director-general of railroads on Jan. 25, 1919. En route from Atlanta to Marietta on the line of the Western & Atlantic Railroad, which was also operated by the director-general of railroads, on the night of Jan. 25, 1919, Lyon was injured by the running of the engine of the L. & N. Railroad, on which he was fireman and which was pulling a train of that company over the railroad of the W. & A. Railroad, by some arrangement between the two companies, into a slide in a cut between Bolton and Vinings. At the time of said injury, his engine was following an engine which was pulling a train of the W. & A. Railroad, and of which one Ray was engineer. The allegations of negligence in his petition were, that, some three or four years prior to the injury, the W. & A. Railroad had blasted on the side of the cut at the scene of the injury, leaving large rocks hanging over the place blasted; that ever since the cut had been negligently maintained in this condition, that for several days and nights before the injury there had been almost continuous rainfall which had soaked the earth; that it was the duty of the defendant to have a track-walker constantly go over and watch the cut, so as to give notice of danger, which was not done; that when the W. & A. Railroad engine which preceded the one on which Lyon was employed passed

through this cut the slide had already begun, which fact was known to the engineer of the W. & A. Railroad who was operating the train on the latter, which preceded the one on which Lyon was employed; that it was the duty of the W. & A. Railroad engineer to stop his train and flag and stop the train on which Lyon was employed, which was not done; and that it was the duty of the engineer of the W. & A. Railroad train to stop at Vinings and notify the operator there of said slide, so that he could have the engine on which Lyon was employed held at Bolton by the operator there, which was not done; and that no report of the slide was made until the engineer of the W. & A. Railroad arrived at Marietta, by which time the engine on which Lyon was employed had run into the slide. The plaintiff was seriously injured. A verdict was rendered in his favor for $9500. The defendant made a motion for new trial, which was overruled. The case was then taken to the Court of Appeals of Georgia; error being assigned, among other things, upon the overruling of the motion for new trial. The Court of Appeals affirmed the judgment of the trial court. *Payne* v. *Lyon*, 28 *Ga. App.* 246 (111 S. E. 226). The case was brought to this court on petition for certiorari. The errors insisted on in this court are those set out in the 5th, 10th, 11th, and 15th grounds of the motion for new trial, which are as follows:

" 5. Movant insists the court erred, on the trial of said case, in charging the jury as follows, to wit: ' If by the exercise of that degree of care and diligence this dirt and rock could have been discovered upon the track and road-bed of the company, and the injury, if you find the plaintiff was injured, could have been avoided, then the director-general of railroads would be liable to the plaintiff for whatever injury he sustained. If you find that the director-general of railroads was in the exercise of ordinary care and diligence, through his servants and agents, that by the exercise of ordinary care and diligence it could not have been discovered that this dirt and rock were upon the road-bed and track of the railroad company operated by him, or that it was due to causes over which he had no control, or that it came so suddenly or was there for so short a time, or for any other reason which appears in proof, if it do appear, that it was impossible for it to be discovered — impossible for it to be prevented or discovered —

and as a result of this presence of dirt and rock upon the track, if you find it was there, and for these reasons the plaintiff was injured,— the director-general of railroads was in the exercise of ordinary care and diligence through his agents and servants, then, notwithstanding that the plaintiff may have been injured, the director-general of railroads would not be liable for such injury. You take all the evidence, consider it, apply it to the law and find what the truth of the case is.' The error assigned upon this charge is in giving in charge by the court the following part of the instruction from the above charge, to wit: 'if it do appear, that it was impossible for it to be discovered — impossible for it to be prevented or discovered.' And the ground of the assignment is that that part of the instruction is not the law in the case. That in this case plaintiff was an employee of the defendant, and that the degree of negligence that a plaintiff could recover on would not go on an impossibility, and that the defendant would not have to show that it would have been impossible to have prevented anything in order to avoid a judgment against him. This instruction was misleading, confusing, and erroneous."

"10. Movant insists the court erred on the trial of said case in the following particular, to wit: Plaintiff's counsel asked witness for plaintiff, C. W. Woody, when being examined as a witness for plaintiff: Q. 'State whether or not you know anything about any other slide taking place there two or three years before that in that same cut and wrecking a passenger-train.' Mr. Clay: 'I object to wreck of a passenger-train, or any other wreck except this wreck, as incompetent and immaterial.' The court: 'I overrule the objection. I think it is admissible to show notice.'

"Q. 'What do you know about that?' A. 'I don't know as there has ever been a wreck there before.'

"Q. 'What do you know about a slide two or three years before that when a passenger-train was held up?' A. 'There was a slide there; that was the slide that came on Saturday night.'

"Q. 'About when was that.' A. '1919.'

"Q. 'The other slide you had reference to, though?' A. 'That is the only slide that I have ever known; there has been rocks to fall off there.'

"Q. 'Tell us about that.' Mr. Clay: 'I object to rocks falling

any other time; unless there was a slide and it went on the track, it couldn't have been noticed. I object to it as immaterial, ir-. relevant, and incompetent.' The court: ' Overrule the objection.' Which ruling of the court movant says was error for the reason it does not show there was any slide, or any wreck of trains while the director-general was in charge of the railroads, and defendant could not have been responsible for anything that happened, or might have happened, before that time, and would not shed any light on that action that defendant could be responsible for, and the defendant's objections should have been sustained."

" 11. Movant insists the court erred on the trial of said case in the following particular, to wit: Plaintiff's counsel asked plaintiff, when being examined as a witness in his own behalf: Q. ' State whether or not there have been men who have not been in the service as long as you, since this accident, who have been promoted by seniority and went ahead of you as engineers ' A. ' Yes, sir.' Mr. Clay: ' I object to that as immaterial, irrelevant, and incompetent.' By the court: ' I will admit it.' Which ruling of the court movant says was error, for the reason what happened to other engineers, or who had been promoted, was not pertinent to this case, and was immaterial, incompetent, and irrelevant, and defendant's objection should have been sustained."

" 15. Movant insists the court erred on the trial of said case in the following particular, to wit: Plaintiff's counsel introduced the following: Mr. Morris: Also on page 10, under the head ' O ' of the rules for the government of the operating department of the Louisville & Nashville Railroad Company, the following: ' O. All accidents involving injury to persons or damage to property, track, structures, or rolling-stock, must be reported promptly by wire to the proper officers, and confirmed in writing on prescribed forms. In cases of injury to persons, the names and addresses of as many witnesses as possible must be obtained; and when an accident occurs to a train, a statement from every passenger then on the train, whether injured or not, must be secured on form 78 and sent in with other reports.' Mr. Clay: ' I make the same objection, that it is irrelevant, immaterial, and incompetent, for the reason that it is a rule of the Louisville & Nashville Railroad Company, and is not shown to be the rule of the director-general of railroads.' Mr. Morris: ' We offer the following from the

last-named book: ' Rule 639. Section foremen. They must take every precaution during storms to prevent accident. At exposed points a strict watch must be kept. Particular attention, day and night, must be given to cuts, tunnels, and other places where rock, earth, or trees are liable to fall upon the track, or fills that are settling.' Mr. Clay: ' I object to this rule 639, on the ground that it is irrelevant, immaterial, and incompetent, and for the further reason that it involves rules with reference to the duties of section foremen, and no evidence has been introduced showing that the section foreman failed to do anything required of him.' The court: ' These rules, gentlemen, are submitted for your consideration; but the rules of a railroad company in relation to certain duties of certain officers, agents, or servants relate exclusively to the duties required of those officers, agents, or servants, and don't affect generally officers, servants, and agents of the company, nor are they binding upon others than to whom they are directed.' Which ruling of the court movant says was error, for the reason these rules were rules of the Louisville and Nashville Railroad Company, and not the rules of the director-general of railroads, and for the further reason the evidence does not show the section foreman failed to do anything required of him."

*Tye, Peeples & Tye* and *Clay & Blair,* for plaintiff in error.

*Morris & Hawkins* and *Mozley & Gann,* contra.

HINES, J. (After stating the foregoing facts.) This case is in this court on the grant of a petition by the defendant for the writ of certiorari, to review the decision of the Court of Appeals, which was adverse to the defendant. The only grounds of alleged error are those set out in the fifth, tenth, eleventh, and fifteenth grounds of the motion for new trial, which are set out in extenso in the statement of facts.

1. In the tenth ground it is alleged that the court erred in permitting a witness for the plaintiff, over objection of counsel for the defendant that it was irrelevant, to testify that rocks had fallen off from its side into the cut where the plaintiff had been injured. The court admitted this evidence to show notice to the defendant of the dangerous condition of this cut. It does not appear, from the facts stated in this ground, when these rocks had fallen into this excavation. In the application for certiorari, and in the brief of counsel for the director-general, it is asserted

that this witness fixed the date of the falling of these rocks at a period prior to the time the government took over the control of this railroad; and we are referred to the brief of evidence for the substantiation of this assertion. If this occurrence had taken place after the director-general had assumed management of this railroad, it would have been admissible as tending to bring home to him the dangerous condition of this cut. If this occurrence happened before this officer began to operate this road, it would not have been admissible for the purpose for which it was offered, and should have been rejected. The burden was on the movant to show error. *Hunter* v. *State,* 148 *Ga.* 566 (97 S. E. 523). Each assignment must be complete in itself. *Jenkins* v. *State,* 150 *Ga.* 111 (102 S. E. 830). This court will not look through the brief of evidence to ascertain whether evidence, set out in a ground of a motion for new trial, was illegally admitted. The illegality of its admission must appear from the averments contained in the ground of the motion. *McMichael* v. *Atlanta Envelope Co.,* 151 *Ga.* 776 (3) (108 S. E. 226). For these reasons we can not say that the trial judge erred in admitting this testimony.

2. In the eleventh ground it is urged that the trial judge erred in allowing the plaintiff, over objection of defendant's counsel that it was immaterial, to testify that men, who had not been in the service as long as he had been, had been promoted by seniority and gone ahead of him as engineers, since this accident. What was meant is, that firemen who had been in the service of the company for shorter terms had been promoted to engineers over the plaintiff, due to the fact that the latter had been injured. Was this evidence admissible? In *Richmond etc. Railroad Co.* v. *Allison,* 86 *Ga.* 145 (12 S. E. 352, 11 L. R. A. 43), this court held that it was improper to allow proof of a particular possibility, or even probability, of any increase of wages by appointment to a higher public office, especially where the appointment is somewhat controlled by political reasons. This ruling was put on the ground " that Allison's promotion was too uncertain, and the possibility of an increase of his salary . . too remote to go to the jury and for them to base a verdict thereon." In the opinion Justice Simmons said: " We believe the rule of most of the railroads in this State is to promote their employees. An employee com-

mences at the lowest grade; and if he is competent, capable, and efficient, he is likely to be promoted upon the happening of a vacancy above him. If one occupying a lower grade of service were injured, would he be allowed to prove, unless he had a contract to that effect, that his prospects of promotion to a higher grade and better salary were good, and would the jury be allowed to base their calculation and estimate of the damages upon a much larger salary which he had never received . .? It is to be observed that the testimony in this case shows that there were two others in the same class with Allison, equally competent and efficient as he was, and it is by no means certain that Allison would have been preferred to each of them in case of vacancy, and promoted above them; so it could not be said that he was in the direct line of promotion." From this language it might be inferred that the injured employee, if he were working under a contract which entitled him to promotion, could prove such fact as an element of his damages. In *Central of Ga. Ry. Co.* v. *Perkerson,* 112 *Ga.* 923, 926 (38 S. E. 365, 53 L. R. A. 210), this court said: "It is pretty well established that in proving the value of the life of a deceased employee it is not competent to prove that he was in the line of promotion in his calling, and the increased rate of wages which he would have received if promoted. 8 Am. & Eng. Enc. L. (2d ed.) 943 and cases cited. See also *Richmond & Danville R. R. Co.* v. *Allison* [supra]. The reason for the rule is that the chances for promotion are too remote, and dependent upon too many contingencies to be considered."

But counsel for the plaintiff insist, that, under the facts of this case, the promotion of the plaintiff was not dependent upon uncertain factors and contingencies. This contention is based upon his testimony that "promotion on the railroad is by seniority;" but the plaintiff did not testify that promotion was dependent solely upon seniority. At the time he was hurt he was in the employment of the director-general of railroads; and "Supplement No. 7 to General Order No. 27" was in force. Art. 12 of this supplement declares: "Promotions shall be based on ability, merit, and seniority; ability and merit being sufficient, seniority shall prevail." So promotion of the plaintiff depended at last upon the presence of these three factors. So we cannot say that the ruling laid down in the above-cited cases is not applicable to

this case by reason of its peculiar facts; and under that ruling the court erred in admitting this evidence.

3. The court admitted two rules of the operating department of the Louisville & Nashville Railroad Co., over the objection of the defendant that they were irrelevant; and this ruling is complained of in the fifteenth ground of the motion for new trial. One of these rules requires that all accidents, involving injury to persons, or damages to property, track, structures, or rolling-stock, must be reported promptly by wire to the proper officers, and confirmed in writing on prescribed forms. The second of these rules prescribes, that section foremen must take every precaution during storms to prevent accident, that at exposed points a strict watch must be kept, and that particular attention, day and night, must be given to cuts, tunnels, and other places where rock, earth, or trees are liable to fall upon the track, or fills that are settling. Were these rules properly admitted by the court? These rules prescribe the duties of employees of the Louisville & Nashville Railroad alone. They have no application to employees of the Western & Atlantic Railroad; and do not fix any duties to be discharged by the employees of this road. It does not appear that it was the duty of any employee of the Louisville & Nashville Railroad to report this slide, and that he failed to discharge such duty. The complaint is that the engineer of the Western & Atlantic Railroad, who was in charge of a passenger or troop train, which had passed through this cut a short time prior to this accident, and who saw some rock near the track in this cut, failed to report it, when he reached Vinings. This rule did not apply to this engineer, and did not prescribe any duty to be performed by him. For this reason, the first of said rules was not admissible.

The second of the rules prescribes the duty of section foremen of the Louisville & Nashville Railroad. It applies solely to foremen of that road. It does not fix any duty to be discharged by the section foremen of the Western & Atlantic Railroad. Counsel for the plaintiff insists that the introduction of these rules was proper, because the suit was against the director-general as director of both the Nashville, Chattanooga, & St. Louis Railroad and the Louisville & Nashville Railroad. The director-general is to be treated as the director of each separate system of trans-

portation. The separate systems which were operated by him were separate and distinct parties. Smith *v.* Babcock & Wilcox Co., 260 Fed. 679; Davis *v.* Dantzler Lumber Co., 126 Miss. 812 (89 So. 148); Harmon *v.* Hines, 113 S. C. 179 (101 S. E. 925); Payne *v.* Coleman (Tex. Civ. App.), 232 S. W. 537; *Payne* v. *Munroe,* 28 *Ga. App.* 6 (110 S. E. 34). The Western & Atlantic Railroad Company is a separate and distinct corporation. *Nashville etc. Ry. Co.* v. *Edwards,* 91 *Ga.* 24 (16 S. E. 347); *Branan* v. *Nashville etc. Ry. Co.,* 119 *Ga.* 738, 744 (46 S. E. 882). The relation of the Louisville & Nashville Railroad to the Western & Atlantic Railroad, in the operation of the particular train on which the plaintiff was injured, does not appear. It only appears from the evidence that the Louisville & Nashville Railroad was operating this particular train over the tracks of the Western & Atlantic Railroad. It appears from the proof, that the latter company had not given complete possession of its tracks to the former company. Permitting the former company to run trains over its tracks would probably impose upon the latter company, with reference to the employees of the former, the duty to furnish a reasonably safe track for the running of such trains. *Augusta etc. R. Co.* v. *Killian,* 79 *Ga.* 234 (4 S. E. 165); *Gregory* v. *Ga. Granite R. Co.,* 132 *Ga.* 587 (64 S. E. 686); *Wadley So. Ry. Co.* v. *Durden,* 142 *Ga.* 361 (82 S. E. 1055). It nowhere appears in the record that the section foreman of the Louisville & Nashville Railroad had charge of any employees engaged in work on the tracks of the Western & Atlantic Railroad, or were themselves employed in keeping in safe condition the tracks of the latter company, or had any connection whatever with these tracks. So we are of the opinion, that the court erred in admitting in evidence, over objection of counsel for the defendant, these two rules. The fact that the plaintiff was the employee of the Louisville & Nashville Railroad Company did not render these rules admissible when they applied to servants who were in no way responsible for the condition of the track for alleged defect in which the plaintiff was hurt.

4. Upon an analysis of the charge complained of in the fifth ground of the motion for new trial, we do not think that it was erroneous on the ground that it placed upon the defendant a greater burden than that imposed by law. This extract from the

charge of the court lays down two propositions of law. In the first proposition the court instructed the jury that if they found that the director-general of railroads was in the exercise of ordinary care and diligence, through his servants and agents, and that by the exercise of ordinary care and diligence it could not have been discovered that this dirt and rock were upon the track of the railroad company operated by him, then the plaintiff could not recover. The second proposition embodied in this charge is, that if the slide on the track was due to causes over which the director-general had no. control, or if it came so suddenly, or was there for so short a time, or for any other reason which appears in proof it was impossible to have been discovered and prevented, and for this reason the plaintiff was injured, the director-general being in the exercise of ordinary care and diligence through his agents and servants, then, notwithstanding the fact that the plaintiff may have been injured, the director-general would not be liable for such injury. The court did not instruct the jury that before they could render a verdict in favor of the defendant they must find that it was impossible for the defendant to have discovered and prevented this slide and the consequent injury to the plaintiff. The trial judge plainly instructed the jury that if the defendant exercised ordinary care and diligence in the premises, he could not be liable. He then instructed them in substance that if they found it was impossible for the defendant to have discovered this slide, and thus have prevented this injury, the defendant would not be liable. Surely if it was impossible for the defendant to have prevented this injury, he would not be liable. So telling the jury was not error. So instructing the jury is quite a different thing from charging them that the defendant would be liable unless it was impossible for him to have prevented the injury. An instruction to this effect would have put upon the defendant a heavier burden than the law imposes. The instruction as given accorded to the defendant a defense to which he was clearly entitled.

We reverse the judgment of the Court of Appeals on the ground that it erred in not reversing that of the trial court on its ruling in admitting evidence dealt with in the second and third divisions of this opinion. Does not even Homer sometimes nod?

*Judgment reversed. All the Justices concur.*

*Gilbert, J., concurs in the judgment.*