**NEW JERSEY SHIPBUILDING & DREDGING CO. v. DAVIS, Agent, etc., and six other cases.**

(District Court, S. D. New York. July 9, 1923.)

1. **Appearance ⬯20—General appearance by federal agent obviates necessity of service on carrier.**

In a suit against the federal agent, in a cause of action arising out of federal operation of a transportation system, where the agent has made a general appearance by his attorney, service of process on an agent of the carrier, as provided for in Transportation Act 1920, tit. 2, § 206b, is not necessary to give the court jurisdiction.

2. **Admiralty ⬯50—Parties permitted to try suit to meet different theories of the law.**

There being a question under the decisions whether the federal agent appointed under Transportation Act 1920, tit. 2, § 206a, is a single legal person or has a separate legal personality for each carrier for which he is agent, an interlocutory decree in admiralty entered against him in a suit charging him as agent of one carrier set aside to permit him to file a petition against himself under admiralty rule 56 (267 Fed. xxi) as agent of another carrier and to allow libelant to take testimony to meet the issues thus presented.

In Admiralty. Suit by the New Jersey Shipbuilding & Dredging Company against James C. Davis, as Agent, operating the Lehigh Valley Transportation Company, with six other cases. On motions by libelant for leave to take further proof and by respondent to dismiss libel. Motion of libelant granted, and motion to dismiss denied.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Mark Ash, of New York City, for New Jersey Shipbuilding & Dredging Co.

Leo J. Curren, of New York City, for James McWilliams Blue Line and John Greenwood.

Edward R. Brumley, of New York City, for Davis, Director General of Railroads, operating New York, N. H. & H. R. R. ·

James W. Ryan, of New York City, for Davis, Director General of Railroads, operating Lehigh Valley Transp. Co.

LEARNED HAND, District Judge. This case now reappears on two motions. The libelant, not challenging the correctness of my earlier ruling, acknowledges that the law is still uncertain whether the Director General, who is certainly the only proper party respondent (Missouri Pacific R. R. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; Nor. Car. R. Co. v. Lee, 260 U. S. 16, 43 Sup. Ct. 2, 67 L. Ed. ——), is a single legal person or has separate legal personalities for each carrier of which he is the agent. Apprehending a loss of proof and great delay if the second alternative turn out to be correct, he wishes to take his proof now as to the respective faults of the two carriers. The respondent the Director General, insisting that he represents only the Lehigh Valley Transportation Company, moves to dismiss the libel, because no jurisdiction was obtained over him, and because no case was proved against him on the trial. There are as well other grounds for his motion.

[1] I may take up first the question whether the respondent is before the court, and I shall on that point assume that he has a separate persona for each carrier of which he is an agent. The point argued is that, as there was a contract between him and the Lehigh Valley Transportation Company or its parent, under section 206 (b) of the Transportation Act (41 Stat. 456), some agent of the carrier must be served with process. The proper party being in any event the Director General, the question is merely one of how personal jurisdiction may be acquired. The argument is that a general appearance will not answer, because no monition was served, as the statute requires. This impresses me now as little as it did before. No suggestion can be found in the books of any such limitation upon a general appearance. The respondent retained an attorney, one for each of his agencies, and each attorney appeared for him generally. He was therefore before the court in both his personæ, if he had two. I cannot conceive of a more absurd formality than to insist that the libelant must in addition have served some agent of the carrier. To the objection that the libel does not lie for torts to third persons I need only allude. I cannot therefore see any point of jurisdiction involved in the case.

[2] As I view it, then, the only question is whether the pleadings and the proof justified my giving judgment against the respondent. The libel, which was reformed into one in personam, stated a good case against the Director General as tort-feasor, whether his persona was single or several. The answer, however, raised the difficulty, because, if he was a several party in respect of each road, the answer showed that he was not at fault as agent for the Lehigh Valley Transporta-

tion Company. In accordance with common practice, the Director General filed a petition against himself as agent for the New York, New Haven & Hartford Railroad Company, as a third party under the fifty-sixth rule (267 Fed. xxi), insisting that he had committed the tort as agent for that road, and not for the Lehigh Valley.

On the trial I dismissed this petition, on the authority of Globe & Rutgers Ins. Co. v. Hines (C. C. A. 2), 273 Fed. 774, as I was certainly bound to do unless that case was overruled. The petition was a pleading requiring an actor and a reus just as much as though it had been a libel in the admiralty, a bill in equity, or a declaration at law. The case then stood with a libel and an answer, stating no defense if the Director General was a single person, but the contrary if he was several as respects each road. If he was a single person, obviously it was irrelevant which carrier had committed the tort; as irrelevant as though, in an ordinary action of trespass against a principal for the tort of his agent, he had alleged that the agent declared upon had not committed the tort, but another equally in his employ. That, of course, would at law be a fatal variance, but the question would be entirely one of pleading; the defendant would be liable in either case. And in the admiralty the question of variance would not be important. Dupont v. Vance, 19 How. 162, 15 L. Ed. 584; The Syracuse, 12 Wall. 167, 173, 20 L. Ed. 382. Hence I rejected this proof and gave a general decree.

All this I then thought and venture still to think was a necessary conclusion from Globe & Rutgers Ins. Co. v. Hines, supra. The respondent argues that, while it may accord with some of the language of that case, it is not a necessary consequence of the decision. I cannot agree. If the Director General has a separate persona for each road, I cannot see why the action in Globe & Rutgers Ins. Co. v. Hines, supra, did not lie. The only conceivable reason that occurs to me, for none was suggested at the bar, is that, since the case involved an underwriting, a recovery would have exempted the underwriter from the risk against which he insured. Since the loss came out of a single fund, it might be argued that the policy could not have intended to take away with one hand what it professed to give with the other. · But that would be a fallacious argument, if the separate roads are to be treated for all purposes as independently liable, and it would be obviously inapplicable if the Director General had insured each loss. Besides, I cannot assume to disregard all the reasoning of an appellate court and substitute another explanation of the decision.

But the respondent especially relies on the language in Mo. Pac. R. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087, a case decided later than Globe & Rutgers Ins. Co. v. Hines, supra, and, if inconsistent with it, controlling. The decision holds nothing more than that the proper party defendant was the Director General, but some of the language does indeed throw much doubt upon the theory adopted in Globe & Rutgers Ins. Co. v. Hines, supra. It is contained on pages 559 to 561 of 256 U. S., on pages 595, 596, of 41 Sup. Ct. (65 L. Ed. 1087), and is too long to quote, except the most significant part, which

is on page 560 of 256 U. S., on page 596 of 41 Sup. Ct. (65 L. Ed. 1087), and which reads as follows:

"The systems are regarded much as ships are regarded in admiralty. They are dealt with as active, responsible parties, answerable for their own wrongs. But since levy or execution upon their property was precluded as inconsistent with the government's needs, the liability of the transportation system was to be enforced by allowing suit to be brought against whoever, as the party operating the same, was legally responsible under existing law, although it were the government."

This passage, indeed, seems to indicate that the Supreme Court means the right of litigants to be worked out as though the roads remained separate legal persons, and, if so, it would naturally follow that the Director General is to be treated, as suggested by Mr. Justice Brandeis, as though he were a receiver. But a receiver of several corporations may in one capacity sue himself in another, because the action is in fact in the right of the corporations themselves. It is significant, moreover, that in each of those cases in which the question has come before the highest court of a state, since Mo. Pac. R. R. Co. v. Ault, supra, was decided, the construction which the respondent now urges has been accepted. Davis v. Dantzler Lumber Co., 126 Miss. 812, 89 South. 148; Farr v. St. Louis S. W. Ry. Co., 154 Ark. 585, 243 S. W. 800; Payne v. Monroe, 28 Ga. App. 6, 110 S. E. 34; Payne v. Lynd, 106 Ohio St. 14, 138 N. E. 368 (Oct. 24, 1922); Cardwell v. Payne, 226 Ill. App. 227, 235–239; Granquist v. Payne (Minn.) 193 N. W. 126 (April 13, 1923).

While I do not feel myself free to say that Globe & Rutgers Ins. Co. v. Hines, supra, has been overruled, it seems to me an excess of scrupulosity to decline to decide issues which both sides wish decided against a possibility, which I may say with deference is at least not wholly visionary. It is perhaps difficult to see how an issue can be justiciable which cannot affect the form of the decree, as this issue cannot if there is but one fund out of which decrees against the Director General are paid. However, in cases like that at bar, where each road is insured, there is a genuine controversy which at some time and in some court must be settled. It may be that in the end that interpretation which the state courts have put upon the passage referred to in Mo. Pac. Co. v. Ault, supra, will prevail, and it is in every way desirable that the evidence should be taken and a finding of fault made, since all wish it. A decree against the Director General as agent of one road will be as effective as one running generally, and on appeal the Circuit Court of Appeals need only declare that the issue of fault was moot. Nothing will be lost, except the delay of a trial, which nobody objects to.

Therefore the libelant's action is granted, the interlocutory decree will be vacated, the exceptions to the petition under rule 56 overruled, and the case stand for hearing at the head of the admiralty calendar, to be tried by the judge assigned thereto when it comes up.

The motion of the Director General, as Agent for the Lehigh Valley Transportation Company, to dismiss the libel, is denied.