## 11656

BONEY *ET AL.* v. ATLANTIC COAST LINE RY. CO.

(126 S. E., 46)

1. CARRIERS—NOTICE BY TELEGRAPH TO CONSIGNOR, WHEN SHIPMENT REMAINS UNCLAIMED, NOT REQUIRED, WHERE DEMURRAGE CHARGED AGAINST CONSIGNEE.—Requirement of notice by telegraph from railroad to consignor, when shipment remains unclaimed for five days, applies only to effort by railroad to hold consignor for demurrage charges, and does not touch consignee's liability therefor.

2. CARRIERS—MAIL NOTICE OF ARRIVAL OF SHIPMENT SUFFICIENT UNDER DEMURRAGE RULE ONLY IF CONSIGNEE'S ADDRESS DOES NOT APPEAR ON BILLING, AND IS NOT KNOWN TO CARRIER.—Under demurrage rules in tariff filed with Interstate Commerce Commission, providing for notice to consignee within 24 hours after arrival of shipment as condition precedent to imposition of demurrage charges, and for deposit of notice in United States mail, "when address of consignee does not appear on billing and is not known," notice by mail is not sufficient, unless both conditions exist.

3. CARRIERS—WHETHER RAILROAD HAD KNOWLEDGE OF CONSIGNEE'S ADDRESS SO THAT NOTICE BY MAIL WAS INSUFFICIENT HELD FOR JURY.—In action involving liability of consignee for demurrage charges, question of whether railroad had knowledge of consignee's address, making mail notice to consignee of arrival of shipment insufficient, under demurrage rule in tariff filed with Interstate Commerce Commission, *held* for jury.

Before WHALEY, J., County Court, Richland, July, 1924. Reversed and remanded with directions.

NOTE: On absence of consignee, lack of address, or other similar circumstances, as excusing performance of carrier's duty to give notice of arrival, see note in 26 L. R. A. (N. S.), 572.

Action by D. B. Boney and others against the Atlantic Coast Line Railroad Company. Judgment of Magistrate for plaintiff was affirmed by the County Court, and defendant appeals.

*Messrs. Douglas McKay* and *John J. Murray,* for appellant, cite: *Demurrage charges form a part of transportation charges:* 149 U. S., 690. *Shipper, common carrier, and public generally charged with notice of all that demurrage rule implies:* 285 Fed., 480; 245 Fed., 917; Sec. A, Rule 4, Demurrage Tariff; 102 N. E., 366; 240 U. S., 632, reversing 99 S. C., 422; 275 Fed., 769. *Waiver:* 69 L. Ed., Adv. Ops., 22; 241 U. S., 190; 264 U. S., 560. *Failure to comply with rule, matter for defense:* Demurrage Tariff, Sec. E, Rule 4, Subdivision 2 (b); 105 S. E., 739; 110 S. C., 243; 106 S. C., 374; 44 S. C., 46; 41 S. C., 70. *Provision inserted for benefit of consignor:* Demurrage Tariff, Rule 8, Sec. D, Par. 4; 36 Cyc., 1122; 25 R. C. L., 981. *Demurrage tariff is the law between shipper and carrier and has the same effect as a statute:* 287 Fed., 168; 204 U. S., 426. *Construction of statute:* 36 Cyc., 1122; 25 R. C. L., 981; 101 S. E., 285. *Presumption of duty:* 241 U. S., 319.

*Messrs. Alfred Wallace, Jr., John F. Quinn* and *W. O. Godwin,* for respondents, cite: *Court will not review finding of fact:* 101 S. C., 134; 36 S. E., 535. *Unknown claimants:* 68 S. E., 45. *Construction of demurrage rules:* 117 N. Y. Sup., 1034; 136 App., Div. 571 (2d Dec. Digest). *Reversal:* 106 S. E., 780.

January 7, 1925.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action in the Magistrate Court of Richland County to recover $63 demurrage charges paid by the plaintiffs on a carload of automobiles moving from Detroit, Mich., to Co-

lumbia, S. C.  The defendant set up a counterclaim for $14.56 undercharge of freight on the shipment and contended that it had given the statutory notice of arrival, and was entitled to the demurrage.  There was no contest over the defendant's counterclaim and the Magistrate rendered judgment for the amount claimed by the plaintiff less the counterclaim.

Upon appeal to the County Court the judgment of the Magistrate was affirmed and hence this appeal.  The facts of the case appear to be as follows:

In the latter part of October, 1923, the plaintiffs formed a partnership under the name of Rickenbacker Motor Sales Company, the business of which was to handle cars of that make for sale.  They opened a place of business in the City of Columbia, but naturally, at the times hereinafter referred to, the business was not listed in the City Directory, and they had not installed telephone service.  On November 9, 1923, the first shipment of automobiles to them was delivered by the railroad company; the plaintiffs having been notified of the arrival of the car.  (The plaintiffs testified that this notice was given by telephone through some one connected with the railroad company, although at that time it is conceded that they had not installed telephone service. The defendant denied the telephone communication, insisting that notice by mail had been given.)

On November 18, 1923, the second car, the one over which this controversy has arisen, arrived at Columbia.  On the 19th the railroad company mailed in a sealed, stamped envelope with return address, notice of its arrival.  This envelope was returned undelivered, "addressee unknown." It was addressed to "Rickenbacker Motor Sales Co., Columbia, S. C.," the only address appearing on the billing. On December 10th, a representative of the Rickenbaker Company was in Columbia and, in consequence of his statement to the plaintiffs that the second car had been shipped,

they ascertained that the car had arrived, paid the freight and demurrage, and received delivery.

The plaintiffs then brought this action for the demurrage charges improperly collected, as they contend. The defendant contends that it had strictly complied with the tariff regulations as to notice of arrival, and is entitled to retain the demurrage charges. The appeal turns upon the validity of such notice.

The Magistrate held that:

"The defendant having within ten days prior to the arrival of the car in question delivered to the plaintiff a similar car from the same consignor, it was thereby charged with notice of plaintiffs' address or location, and it could not absolve itself under the demurrage rules by merely depositing notice of arrival in the post office."

His Honor, the County Judge, sustained the ruling of the Magistrate and added as an additional ground for affirming the judgment:

"That the defendant herein failed to show that they had complied with the law requiring *notice to consignor* by telegraph, when shipment remained unclaimed for five days."

We may dispose of this ground with the observation that the requirement of notice by telegraph has application only to an effort on the part of the railroad company to hold the *consignor* for demurrage charges and does not touch the liability of the consignee therefor. There was no controversy between the parties in reference to the calculation of the amount of demurrage collected, if the plaintiffs under the circumstances were liable therefor.

The demurrage rules, in the tariff filed with the Interstate Commerce Commission and admittedly of force, provide as a condition precedent to the imposition of demurrage charges, notification by the carrier to the consignee of the arrival of the shipment. They are specific as to the requirement and form of such notification.

Rule 4, Jones ICCC No. 1340 Demurrage Rules and Charges, is as follows:

"Section A. Notice of arrival shall be *sent or given* consignee * * * by this railroad's agent in writing * * * within 24 hours after arrival of car and billing at destination; such notice to contain car initials and number, point of shipment, contents, and if transferred in transit, the initial and number of original car. *When address of consignee does not appear on billing and is not known, the notice of arrival must be deposited in United States Mail, inclosed in a stamped envelope, bearing return address, same to be preserved on file if returned."*

Section D of the same rule provides that "written notice *sent or given to consignee* * * * of readiness so to deliver, will constitute notification to consignee."

"It is ordinarily the rule, as provided by the Railroad Commission, that * * * the prescribed written notice, duly mailed to the consignee at the point of delivery, shall be sufficient legal notice, whether the consignee actually receives it or not." *Payne v. Monroe,* 28 Ga. App., 6; 110 S. E., 34.

It will be observed that the notice by mail is sufficient, "when the address of the consignee does not appear on the billing and is not known"; both conditions must exist. It appears beyond controversy that the address of the consignee did not appear on the billing and, therefore, the carrier was justified in following the rule as to notification, provided further that such address was not known (manifestly to the carrier). There is evidence tending to show that the plaintiffs had recently opened their business; that their names were not in the City Directory; that they had no telephone; that the envelope containing the notice was handled by six persons in the post office, and was returned undelivered, for the reason that the addressee was unknown. But there is also evidence tending to show that a previous shipment had arrived, and that the plaintiffs

had been notified by some one connected with the railroad through telephone of its arrival. There was no positive evidence on the part of the railroad company that they did not know of the plaintiffs' address.

Under these circumstances an issue of fact was presented. The Magistrate, however, based his ruling of the inapplicability of the method of notification prescribed by the rule, specifically upon the ground that ten days theretofore the railroad company had delivered a similar car to the plaintiffs, and that they were charged as a matter of law with notice of the plaintiffs' address or location. This does not follow by any means, for the delivery of the first car was necessarily made at the railroad yard, as hundreds of deliveries are made without knowledge or inquiry of the addresses of the consignees. The Magistrate's judgment, affirmed by the County Judge, having been based upon a false assumption, was erroneous.

The judgment of this Court is that the judgment of the County Court be reversed, and that the case be remanded to that Court, with direction to remand the case to the Magistrate Court for a new trial.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.