(135 So. 403)
### NASHVILLE, C. & ST. L. RY. CO. v. WINTERS BROS.
### 8 Div. 280.

Court of Appeals of Alabama.
June 9, 1931.

D. P. Wimberly, of Scottsboro, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

SAMFORD, J.

The case is fairly stated in appellant's brief as follows:

"This is an action brought by the appellant in the Court below to recover for freight and demurrage on a car of rough pine lumber shipped by appellee from Long Island, Ala., to Buchannon Bros., Nashville, Tennessee.

"Said car of rough pine lumber was transported over appellant's lines the entire distance, and the consignees were notified of the arrival of said shipment on Jan. 31, 1929, and that they gave notice of their refusal of the same on Feb. 6, 1929. Thereafter, within twenty-four hours after receiving notice of consignees' refusal to accept said car of lumber appellant sent notice of such refusal by wire to the agent at the point of shipment, and that Winters Bros. were notified on Feb.

8, 1929, by letter of the refusal and were requested to give disposition of car quickly as possible.

"Appellant continued to request for disposition of the car of lumber from the consignors and appellees but were unable to obtain the same, and after giving notice by publication, as set forth in the agreed statement of facts, said car of lumber was sold for a sum less than the agreed freight and demurrage charges. The appellees pleaded the general issue and payment; there were no special pleadings except the appellant on March 20, 1930, filed a request in writing for a special finding of facts under Section 9500 of the Code of Alabama, 1923.

"This cause was submitted to the Court without the intervention of a jury upon an agreed statement of facts.

"The Court on Sept. 12, 1930, rendered a judgment in favor of the appellees.

"The appellant on Sept. 16, 1930, filed a motion to set aside the judgment.

"The Court on Sept. 23, 1930, overruled the motion to set aside the judgment and appellant excepted to said rulings."

In addition to the above it is agreed that: "Under the tariff laws of the I. C. C. there was given the consignor and consignee two days after notice of arrival in which to unload said shipment; that after the expiration of said two days, lawful demurrage charges commenced, which are as follows: For each of the first four days $2.00; for each succeeding day $5.00 and during the period in which the car was retained by the plaintiff the demurrage charges amounted to $343.00." There is no dispute as to the amount of freight and demurrage, provided plaintiff is entitled to recover.

Appellant in his brief expressly waives assignments of error 1 and 3, which leaves as the only question the judgment rendered by the court in favor of defendant.

The only contentions of appellee in brief, are (1) that the defendant (consignor) was not notified by wire as is required by national car and demurrage rules and charges, section E (1), which requires: "When carload freight is refused at destination, notice of such refusal shall, within 24 hours thereafter, be sent by wire to consignor, when known, at his expense, or when not known, to agent at point of shipment, who shall be required to notify the shipper, if known." (2) That plaintiff delayed an unreasonable time in making sale under the contract of shipment.

As to the first of these contentions, it appears that the defendant's place of business was in a rural community with no telegraphic communications, and that plaintiff did within

twenty-four hours notify by wire the agent at the point of shipment as follows: "Your weigh bill No. 10, January 30th, car. N. C. & St. L. No. 10,123, here refused. Have shipper advise disposition." The agent on February 8th notified defendant of the rejection which occurred February 6th.

██ Being an interstate shipment, the same is governed by federal statutes and rules of the Interstate Commerce Commission. Under these statutes and rulings, regarding the notice necessary to be given by the carrier to the consignor the Interstate Commerce Commission has ruled that, if a shipper has knowledge of the arrival of his car, either by oral advice from the carrier or otherwise, he cannot be heard to say that demurrage will not accrue because he received no written notice thereof as provided by the demurrage tariff. Crow's Nest Pass Coal Co. v. Great Northern Ry. Co., 32 I. C. C. 479; Miller-Jackson Grain Co. v. P., O. & N. R. Co., 43 I. C. C. 147; Va. Iron, Coal & Coke Co. v. Director General, etc., N. & W. Ry. Co., 69 I. C. C. 501. It is admitted in this case that defendant, as consignor of the shipment, received written notice of the refusal of the consignee to accept the shipment two days after its arrival. The giving of the notice to consignor by wire could not be complied with in this case for the very good reason that there was no telegraphic service in the community where the consignor lived, and when the carrier gave the notice by letter, the only effect would be to delay the time at which the demurrage would begin on the shipment. The law does not require an unreasonable thing, and when the consignor received the notice by letter, such notice was just as effective as if it had been sent by wire, and it became the duty of the consignor, upon receipt of such notice, to instruct the carrier as to disposition of the shipment. Payne v. Monroe, 28 Ga. App. 6, 110 S. E. 34.

██ The only effect of a failure of a carrier to give notice by wire of a failure of a consignee to accept a car lot shipment of nonperishable freight, is to defer the time at which the demurrage on the shipment is to begin. Such demurrage can only begin after the consignor has had notice, and the expiration of the free time allowed by the contract of shipment. Republic Coal Co. v. Chicago & N. W. R. Co., 78 I. C. C. 375; Chicago, R. I. & Pac. Co. v. Waldo, 90 Okl. 185, 216 P. 911, 32 A. L. R. 638; Hunt v. M., K. & T. R. Co. (Tex. Civ. App.) 31 S. W. 523.

As to the second contention above noted, this shipment was made under the uniform bill of lading, and under section 3 (b), it specifies what is legal notice to the consignor, in the event nonperishable property has been refused and sale is necessary. The section reads as follows: "Where nonperishable property which has been transported to destination hereunder has been refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the same at public auction to the highest bidder at such place as may be designated by the carrier: Provided, that the carrier shall have first mailed, sent, or given to the consignor notice that the property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of bill of lading if disposition be not arranged for, and shall have published notice containing a description of the property, the name of the party to whom consigned, or, if shipped order notify, the name of the party to be notified, and the time and place of sale, once a week for two successive weeks, in a newspaper of general circulation at the place of sale or nearest place where such newspaper is published; Provided, That 30 days shall have elapsed before publication of notice of sale after said notice that the property was refused or remains unclaimed was mailed, sent or given."

There being no dispute about the rate, and also no dispute about the demurrage rules and charges being on file, and it further appearing that this defendant was given due notice, coupled with a request to give instructions as to disposition, the carrier did not wait an unreasonable time in which to make sale. That the car of lumber brought less than the charges works a hardship on the shipper, but he could have saved himself by acting promptly in the matter.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.