DILLINGHAM ET AL. v. E. J. BRYANT ET AL.

(No. 3060.)

APPEAL from Kaufman County. Opinion by WILL-SON, J.

FROST, BARRY & ETHERIDGE, counsel for appellants.

WOODS & CUNNINGHAM, counsel for appellees.

§ 23. *Receivers; limitations; action commenced against one of two joint receivers arrests running, as to both, of statute of.* Appellees instituted this suit April 4, 1888, against Dillingham, N. S. Easton and James Rintoul, as receivers of the Texas Central Railway Company, alleging that on April 10, 1886, they, as joint receivers of said railway, at a point on said railway where the same runs through appellees' farm, negligently and unskilfully erected and maintained an embankment on its right of way and certain ditches leading thereto with an insufficient culvert; that during all ordinary rains, said culvert, by reason of sand and weeds and stubble, choked, and thus forced the water back over appellees' farm so as to destroy the growing crops thereupon, to appellees' damage $1,000. On July 21, 1888, defendants filed their original answer, consisting of general demurrer and general denial. On July 25, 1888, more than two years after the alleged embankment and ditches had been erected, appellees filed what they styled their "first amended original petition," wherein they say that Nelson S. Easton

and James Rintoul are not necessary parties, but that Benjamin Clarke is one of the joint receivers of said Texas Central Railway Company, acting with Charles Dillingham. Easton and Rintoul were then dismissed from the case, and Benjamin Clarke was for the first time, on, to wit, July 25, 1888, made a party defendant. On July 25, 1888, the appellant Benjamin Clarke filed, in response to appellees' amended petition, a separate answer, consisting of general and special demurrers, which special demurrers were to the effect that it appeared from said amended petition that the acts complained of · were committed more than two years before he, the said Benjamin Clarke, had been made a party defendant, and that the same was as to him barred by the statute of limitations of two years, and said answer also embraces the general denial, and a special plea interposing limitation. On the same day appellant Charles Dillingham, in response to said amended petition, filed his separate answer, consisting of general and special demurrers and general denial and special plea. The special demurrers were to the effect that it appeared from said amended petition that the acts complained of were barred as to Benjamin Clarke by the statute of limitations of two years, from the time of the commission of the acts complained of to the time that said Clarke was made a party defendant; and also to the effect that, said petition showing that Dillingham and Clarke were joint receivers, a recovery against Dillingham could not be had, because it affirmatively appeared that a recovery against Clarke could not be had. On February 2, 1889, the case came regularly on for trial by a jury, which rendered a verdict in favor of the appellees and against appellants for the sum of $300, for which amount and costs judgment was rendered against appellants as receivers of the Texas Central Railway Company. Appellants' first proposition under their first assignment of error is: "When suit is originally instituted against certain defendants, and there-

after, by amendment, another party is brought in as a defendant, limitation runs in favor of such party so brought in up to the time of his being made a party by the amendment." As a general proposition the above is correct [Burleson v. Burleson, 28 Tex. 383; Stovall v. Carmichael, 52 Tex. 383; Uhe v. Musquez, 1 Posey's U. C. 650], but the case before us is, we think, an exception to the rule. Joint receivers, like joint executors and joint administrators, are to be regarded in law as one person; and therefore if the running of the statute of limitations is interrupted as to one, it is interrupted as to all. [Dean v. Duffield, 8 Tex. 235.] A receiver is a ministerial officer of the court by which he is appointed. He represents the property or fund *in custodia legis*, and his functions are to administer the same under the orders of the court, and in accordance with the rules of equity in such cases governing. [Beach on Rec., §§ 381, 382.] He is the representative of such property or fund, and the receivership, being an office, can in law have but one incumbent, while in fact more than one person may exercise the functions of the office. This is a suit in the nature of an action *in rem*, not against appellants as individuals, but against them in an official capacity, to enforce a liability not against them personally, but against the property or fund which they represent. The judgment rendered is against them as receivers; that is, in effect, against the property or fund which they are administering by virtue of the office of receiver. [Ryan v. Hays, 62 Tex. 42; Railway Co. v. Ormond, id. 274; Beach on Rec., §§ 720, 723; R. S., art. 1468.] We are of the opinion that the institution of this suit against one of the joint receivers interrupted the running of the statute of limitations against appellees' cause of action, and that the court, in overruling the special exceptions of appellants, did not err.

November 16, 1889.                                        Affirmed.