MATHILDA GRANQUIST, ADMINISTRATRIX OF THE ESTATE OF ANTON GRANQUIST, DECEASED v. DULUTH, MISSABE & NORTHERN RAILWAY COMPANY, DULUTH, WINNIPEG & PACIFIC RAILWAY COMPANY, DULUTH & NORTH-EASTERN RAILROAD COMPANY, CLOQUET LUMBER COMPANY, THE NORTHERN LUMBER COMPANY, AND JOHN BARTON PAYNE, AGENT DESIGNATED BY THE PRESIDENT UNDER TRANSPORTATION ACT, 1920.[1]

April 13, 1923.

No. 23,444.

Effect of service of process on agent of the President under Transportation Act of 1920.

1. When the Federal government took control of the railroads in this country, they were taken over and dealt with as separate entities. The several systems did not lose their identity, the situation being analogous to that which would have existed if there had been a general receivership of each system. They were severally dealt with as active, responsible parties, answerable for their own wrongs, and there was no such consolidation as rendered all the railroad companies in effect one company, hence service of process in an action against the agent of the President under the Transportation Act of 1920 brought him into court only as the representative of the carrier whose agent

[1]Reported in 193 N. W. 126.

or officer was served with process in the manner prescribed by section 206 of the act.

**Improper to amend complaint.**

2. The court properly denied a motion to amend the complaint by charging such agent with liability for negligence in the operation of a railroad, no service of process having been made upon any officer or agent of the railroad company.

Action to recover $7,500 for the death of plaintiff's intestate caused by forest fires negligently allowed by defendant companies to spread. From an order Dancer, J., denying her motion to amend the complaint, plaintiff appealed. Affirmed.

*James Manahan, Lathers & Hoag, J. A. Fesenbeck* and *Frank Yetka*, for appellant.

*Baldwin, Baldwin, Holmes & Mayall*, for respondent.

LEES, C.

This action grew out of the great forest fires which, on October 12, 1918, destroyed many lives and much property in northern Minnesota. The action was brought against the Duluth, Missabe & Northern Railway Company, then under Federal control, John Barton Payne, as the agent designated by the President under the Transportation Act of 1920, two railroad companies not under Federal control, and two St. Louis county lumber companies, to recover damages for negligently permitting fires to start and spread over territory in the vicinity of Duluth, thereby causing the death of plaintiff's intestate on the date above mentioned. In accordance with the practice finally approved by this court in Federal control cases, plaintiff subsequently dismissed as to the Duluth, Missabe & Northern Railway Company. In January, 1923, she moved to amend her complaint by adding thereto this allegation:

"That the Great Northern Railway Company was and is a common carrier, operating a line of railway between Carlton and Grand Rapids and between Brookston and Malden and Fermoy and Kelly Lake and between other points on said line of railway in the State of Minnesota."

The purpose of the amendment was to allege negligence in the operation of the Great Northern road while it was under Federal control, as well as in the operation of the Duluth, Missabe & Northern. There was opposition to the motion, and, after a hearing, the court denied it, holding that it had no authority to permit such an amendment and refusing to exercise the discretion which the courts ordinarily possess in passing upon applications for the amendment of pleadings. The order recites that it was admitted that service on the agent of the President had been made solely by serving the summons on the treasurer of the Duluth, Missabe & Northern; that no service had ever been made on any officer, agent or employe of the Great Northern; and that plaintiff's failure to plead the matter set forth in the proposed amendment was due to inadvertence. This appeal brings the order here for review.

The original complaint contains no reference whatever to the Great Northern Railway system. So far as the representative of the government is concerned, the sole charge of negligence relates to the operation of the Duluth, Missabe & Northern system. Appellant takes the position that after the railroad systems of the country passed under Federal control, first the director general, and later the agent designated by the President, was the only necessary or proper party defendant where suit was brought to enforce a cause of action arising out of the operation of any such railroad system. More specifically, it is contended that the service of the summons brought the agent of the President into court not only as the representative of the United States in control of the Duluth, Missabe & Northern, but also as its representative in control of all other railroads which had been taken over. The contention is that all the railroad properties in the United States under such control were organized into a unified national system of transportation under a single head, and that service of process on an officer or agent of one of the carrier companies brought the representative of the government into court to defend as to any carrier which might have been joined as a defendant prior to Federal control. To meet the objection that when the motion to amend was made an action could no longer be brought to charge either the government or the Great

Northern road with liability because of the statute of limitations of this state, section 8175, G. S. 1913, and the provisions of section 206 of the Transportation Act, 41 St. at Large, p. 461, plaintiff contends that the amendment did not introduce a new cause of action, but merely amplified the statement of the cause of action first pleaded.

The statement that, when Federal control began, all the railroads were organized into a unified national system under the direction of a single head is found in Globe v. Hines, 273 Fed. 774. But in Missouri Pac. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. ed. 1087, Mr. Justice Brandeis, speaking for the court, said that the President took over the physical properties of the railroads as transportation systems and placed them under a single directing head; that the situation was analogous to that which would have existed if there had been a general receivership of each system; that the President took over the physical properties, the transportation systems, as entities and they were always dealt with as such; that this conception of a transportation system as an entity dominated the act authorizing Federal control, and that the systems were regarded much as ships are regarded in admiralty and are dealt with as active, responsible parties, answerable for their own wrongs. In Dahn v. Davis, 258 U. S. 421, 42 Sup. Ct. 320, 66 L. ed. 696, it was said the Federal Control Act permitted the government, through the director general, to be sued for any injury negligently caused on any line of railway in his custody precisely as any common carrier corporation operating such railway might have been sued, and the recovery, if any, would be from the United States. In Bostwick v. Director General, 220 Mich. 21, 189 N. W. 907, it was said that, although the railroads were taken over and operated under a single directing head, there was no such consolidation as rendered them in effect one company; their separate identity was not merged; each system was operated independently of every other. And in Farr v. St. Louis S. W. Ry. Co. 154 Ark. 585, 243 S. W. 800, it was held that service of process in actions against the director general must be made in the same manner as formerly made against each transportation entity he represents. Service on him as the representative of

one railroad company does not bring him into court as the representative of another company.

Following what we conceive to be the views of the court expressed in Missouri Pac. R. Co. v. Ault, and the reasoning of the opinions in the Bostwick and Farr cases, we hold that the agent of the President could not be charged with negligence in the operation of the Great Northern system without bringing him into court by the service of process on an agent or officer of that company in the manner prescribed by section 206 of the Transportation Act. See also Davis v. L. N. Dantzler Lbr. Co. 261 U. S. 280, 43 Sup. Ct. 349, 67 L. ed. ——.

Appellant asserts that the Federal government is the real party in interest in all actions founded on claims which originated while it was in control of the railroads, and concludes that one service of process is all that is necessary no matter how many railroad systems are involved. Granting that the United States is the real party in interest, the fact remains that it cannot be sued except in the manner and upon the terms prescribed by Congress. Louisiana v. McAdoo, 234 U. S. 627, 34 Sup. Ct. 938, 58 L. ed. 1506; Keegan v. Director General, Mass., 137 N. E. 341; Dahn v. Davis, supra.

Section 206 of the Transportation Act reads thus:

"Actions at law  *  *  *  based on causes of action arising out fo the possession, use, or operation by the President of the railroad or system of transportation of any carrier  *  *  *  of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the President for such purpose.  *  *  *  Process may be served upon any agent or officer of the carrier operating such railroad or system of transportation, if such agent or officer is authorized by law to be served with process in proceedings brought against such carrier and if a contract has been made with such carrier  *  *  *  for the conduct of litigation arising out of operation during Federal control."

In authorizing the bringing of actions against the representative of the United States, Congress has employed language indicating that the cause of action asserted against him must be one which arose out of the possession or use of the particular railroad which

might have been sued if there had not been Federal control, and that the service of process upon an officer or agent of such railroad would give the court jurisdiction over the agent of the President only in his capacity as representative of the government in the operation of that particular railroad. This is an additional reason for the conclusion to which we have come. For these reasons the order appealed from is affirmed.