BYRD & PARKER v. JAMES C. DAVIS, Agent, and the ATLANTIC
COAST LINE RAILROAD COMPANY.

(Filed 10 September, 1924.)

1. **Courts — Jurisdiction — Federal Government — Director General of
Railroads—War.**

The United States Government is bound by the appearance of the
Director General of Railroads, submitting to the jurisdiction of the State
court in an action against a railroad company under government control,
only to the extent of his authority as authorized by the general Federal
statute on the subject.

2. **Courts—Federal Government—Decisions—State Courts.**

The decision of the Supreme Court of the United States is controlling
in the State court, upon Federal questions involving the liability of the
United States Government in matters relating to the liability of carriers
under the control of the Federal Government as a war measure.

PETITION by defendant, Director General of Railroads, to rehear this
case, reported in 187 N. C., 575.

*Rountree & Carr; Stevens, Beasley & Stevens for defendant, peti-
tioner.*
*George R. Ward and H. D. Williams for plaintiffs, respondents.*

STACY, J.    This case was originally decided by us on 16 April, 1924.
Since that time the Supreme Court of the United States has rendered
a contrary decision in a case essentially similar to the one at bar, and
which we consider a controlling authority on the question here pre-
sented.  *Davis v. Donovan,* 44 Sup. Ct., 513 (decided 26 May, 1924),
approving *Manbar Coal Co. v. Davis, Agent* (Circuit Court of Appeals,
Fourth Circuit, 10 March, 1924), 297 Fed., 24, where the question is
discussed in a learned opinion by *Rose, Circuit Judge.*

On the trial the following issue was submitted to the jury and
answered by them in the negative: "Were the three mules, or any of
them described in the complaint, delivered to the Director General of
Railroads, operating the Atlantic Coast Line Railroad?"

The mooted question presented by the pleadings and the verdict is
whether the defendant, as Director General of all the railroads over
which the shipment was routed, submitted himself to the jurisdiction
of the court in his capacity as Director General of the initial and con-
necting carriers, as well as of the delivering carrier.   The plaintiffs
were entitled, as a matter of right, to proceed against the defendant
only in his capacity as Director General of the Atlantic Coast Line

Railroad. As this was the only capacity in which the United States consented to be sued in an action like the present, the defendant's answer should be construed in conformity with the statute and orders under which such consent was given, and not otherwise. *St. Louis, B. & M. Ry. Co. v. McLean,* 253 S. W., 248.

No liability having been established against the defendant in the capacity in which he was served, or in which he answered, it follows that our former decision granting a new trial must be reversed, and the judgment of the Superior Court dismissing the action as originally rendered will be affirmed.

Petition allowed.