**WEST et al. v. JOHNSON et al.**

No. 13912.

Court of Civil Appeals of Texas.
Fort Worth.

May 12, 1939.

Rehearing Denied June 23, 1939.

Austin F. Anderson, of Fort Worth, and Harrell & Bowers, of Breckenridge, for appellants.

Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch, all of Fort Worth, for appellee Claude J. Johnson.

Thompson & Barwise, Seth Barwise, and Marion Hicks, all of Fort Worth, for appellee Fair Bldg. Corporation.

SPEER, Justice.

On August 6th, 1936, plaintiffs, C. K. West and wife, instituted this suit in the District Court of Tarrant County, Texas, against Claude J. Johnson and Fort Worth Properties Association, a corporation, for damages growing out of an alleged injury sustained by Mrs. West, on August 11th, 1934.

The petition charged that defendants were, at the time of the injuries sustained, engaged in the joint enterprise of operating a parking lot at the junction of Taylor and Seventh Streets in the City of Fort Worth; that Mrs. West was lawfully upon or near said parking lot on the date mentioned; that defendants, acting by and through one of their employees, while in the discharge of his duties, were negligent in the manner said employee was attempting to park an automobile on said lot, in that said employee backed said car at a rapid rate of speed, without giving Mrs. West warning of such intention, and without keeping a proper lookout for persons who had a right to be on the lot and adjacent thereto. There were further allegations of negligence, to the effect that defendants had failed to erect and maintain a barrier between their parking lot and the sidewalk, where pedestrians habitually walked and met for business and social purposes; that in attempting to back said automobile, said servant and employee caused it to strike Mrs. West, knocking her down and running over her hand and arm, inflicting serious and permanent injuries, causing damages in the amount prayed for. In view of the disposition that we believe should be made of this appeal, a more detailed statement of plaintiffs' case, as originally plead, need not be set out.

As above indicated, plaintiffs' original petition was filed in this case on August 6th, 1936, and citation was issued for the corporation defendant on the same day, commanding it to appear and answer plaintiffs' petition on the 7th day of September, 1936. The process was served on "The Fort Worth Properties Association, a corporation, by delivering to Clay J. Berry, its agent," a true copy of the citation so issued. Defendant, Johnson, appears to have removed from the county, and subsequent citation was issued and served on him in Travis County, Texas, on February 16th, 1937. Both defendants filed answers, consisting of general demurrer, special exceptions, general denials, special denials of negligence, denying partnership and alleging contributory negligence of Mrs. West.

On April 12th, 1938, plaintiffs obtained leave of court and filed their first amended original petition, in which they named Claude J. Johnson and The Fair Building Corporation as defendants. After alleging plaintiffs' residence and that of defendant, Johnson, this is said as to defendant, The Fair Building Corporation: "That the Fair Building Corporation is a corporation duly and legally incorporated under the laws of the State of Texas, with an office and an agent in charge thereof in Fort Worth, Tarrant County, Texas, on whom service has been had in this cause, under the mistaken name of Fort Worth Properties Association, a corporation; and in this connection plaintiffs show to the court that the correct name of said defendant is The Fair Building Corporation, and it is the same defendant served with citation herein as Fort Worth Properties Association."

The amended petition again sets out plaintiffs' cause of action, in practically the same language as in the original petition, omitting all previous references to and charges against the Fort Worth Properties Association, and in each instance wherein that corporation had been originally mentioned, the name of The Fair Building Corporation was substituted.

Prayer was for judgment against both Johnson and The Fair Building Corporation, and in the alternative, if they could not recover against that corporation, then for judgment against Johnson, and for general relief.

The defendant, The Fair Building Corporation, answered on April 13th, the next day after the amended petition was filed, in which it plead general denial, special exceptions as to the two years' statute of limitations, general denial, specially that any cause of action plaintiffs may have ever had against it for the wrongs alleged was barred by the two years' statute of limitations, at the time of the institution of the suit against it, and by a denial of joint adventure or partnership with its co-defendant, Johnson.

On April 13th, the day on which defendant, The Fair Building Corporation, answered, an amicus curiae affidavit was filed, in which it was shown that prior to and at the time plaintiffs claim that Mrs. West sustained an injury, described in their petition, there was a private corporation designated by its charter as "Fort Worth Properties Corporation", duly chartered on February 6th, 1926, and which corporation existed, at least until July 5th, 1935, at which time its charter was forfeited by the State of Texas for failure to pay a franchise tax; that the properties upon which plaintiffs claim Mrs. West was injured belonged to that corporation until about April 14th, 1931. A copy of the deed conveying the property was attached as an exhibit. It was further declared by said affidavit that "Fort Worth Grain and Cotton Exchange and Fair Building Company" was incorporated December 30th, 1930, and that on September 8th, 1931, its corporate name was changed to "The Fair Building Corporation". Certificates of the Secretary of State, attached as exhibits, verified the statements made by the affiant. The exhibits referred to are in the record before us, but we deem it unnecessary to set them out in further detail.

A jury was empanelled and the testimony heard. When the introduction of evidence was concluded, each of the defendants, Claude J. Johnson, Fort Worth Properties Association and The Fair Building Corporation, requested a peremptory instruction as against the plaintiffs. These motions were sustained and the instructions were given. The verdict was returned in obedience to the instruction and judgment was entered, denying plaintiffs a recovery. Motion for new trial being overruled, plaintiffs have perfected this appeal.

Plaintiffs have brought forward in their briefs eleven assignments of error, each of which complains of the action of the court in giving peremptory instructions against them. A determination of their sixth proposition germane to tenth assignment of error is decisive of the questions involved. Under this proposition, they discuss at length their right to judgment against The Fair Building Corporation, named in an amended pleading, permitted by the court during the trial.

The uncontroverted facts, as disclosed by the record, are: (a) That Mrs. West was injured on August 11th, 1934, while on the parking lot, or perhaps on the edge of the sidewalk adjacent to the lot, by the operators of the parking lot, acting through an agent or employee, while in the discharge of his duties. (b) That plaintiffs instituted this suit on August 6th, 1936, against Claude J. Johnson and "Fort Worth Properties Association", and citation was duly served on Johnson and on Fort Worth Properties Association, by delivery of a copy of the process to Clay J. Berry, its agent. (c) The case proceeded to trial on April 11th, 1938, and on the second day of the trial it was shown by the facts that there had never been a corporation such as "Fort Worth Properties Association", but that from some time in 1926 to 1935, there had been one named "Fort Worth Properties Corporation". That the last named corporation had at one time owned the property on which the accident happened, but had prior to the date of the accident sold it to "The Fair Building Corporation". That the last named corporation owned the property at the time Mrs. West was injured. That Fort Worth Properties Corporation was still functioning as a corporation in Fort Worth, Texas, until some time in 1935, when its charter was forfeited for non-

payment of franchise taxes. That Clay J. Berry was agent for both corporations in August of 1934, when the accident happened. That the two corporations were separate and distinct one from the other. And (d) When the above facts were disclosed during the trial, plaintiffs obtained leave of court and filed an amended petition, in which (we think) they abandoned their cause of action against the previously named defendant, "Fort Worth Properties Association" and sought recovery against "The Fair Building Corporation".

It is contended that the original action against the Fort Worth Properties Association was in fact one against The Fair Building Corporation, and that its agent, Berry, had been served with process; that the designation of the Fort Worth Properties Association was a misnaming of the defendant, The Fair Building Corporation, and that the trial court erred in giving to the jury a summary instruction to find a verdict in favor of The Fair Building Corporation. The action of the court in doing so, it is claimed, was, in effect, a holding against plaintiffs' contention that that corporation was in fact sued by the institution of the original proceedings in the case.

■ Plaintiffs contend that defendants named in the petition answered and made no disclosure of the fact that plaintiffs had sued a non-existing corporation; that is, that there was no such corporation as Fort Worth Properties Association, and did not disclose that Fort Worth Properties Corporation had ceased to do business as such because of the forfeiture of its charter; they also say that counsel answering for the named corporation subsequently represented The Fair Building Corporation. That they did not disclose in any former pleading that the last named corporation was the owner of the property at the time Mrs. West received her injuries. As shown by the dates of issuance and service of citation in this case, if counsel had made such disclosure of ownership of the property and thus have given plaintiffs an opportunity to sue such owner, the cause of action against The Fair Building Corporation would have been barred by limitation prior to the earliest date defendants were required to answer. Finally, then, it must be determined whether, by the suit as filed, The Fair Building Corporation was a party defendant.

■ Plaintiffs also assign as error the giving by the court of peremptory instructions in favor of defendants, Johnson and Fort Worth Properties Association. We shall first notice these assignments. As relating to the association, the amended pleading omitted it from the suit, as shown above, and substituted another corporation as defendant. There was no occasion, as we see it, for the court to take further cognizance of that defendant, but certainly no harmful effect came to plaintiffs from the verdict, for the very good reason they had ceased to ask any relief against it. The amended pleadings superseded the original petition, and, as stated by some of the decisions, the original petition went out of the case. 33 Tex.Jur. p. 513, sect. 83; Foster v. National Bondholders Corporation, Tex.Civ.App., 123 S.W.2d 506, 510, writ denied.

■ The record before us indisputably shows that defendant, Johnson, was an employee of The Fair Building Corporation, the owner of the property, receiving $35 per week for his services, and was not present when the accident happened, nor did he contribute to any of the wrongs complained of by plaintiffs. No personal liability against him was attempted to be shown. Upon submission of the case in this court, counsel for plaintiffs stated that no relief was here sought against Johnson, whereupon counsel for Johnson, with permission of this court, withdrew from the court room and did not participate in the submission of the cause. We think no error is shown in the matters referred to.

We come now to a consideration of plaintiffs' contention that they had in fact sued the defendant, The Fair Building Corporation, when they instituted this suit on August 6th, 1936, but, by mistake, named as defendant the Fort Worth Properties Association, and they reason that, because of this fact, it was error for the court to instruct a verdict against them.

It is contended by plaintiffs that, in cases like this, where it clearly appears that they had intended to sue the true owner of the property upon which the accident happened, and had by mistake improperly named the owning corporation, but had served citation on the agent of the corporation intended to be sued, the erroneous name given in the pleadings could be corrected by amendment, as was done in this case, and that the institution of the suit before

limitation ran would toll that statute from the date of the filing of the original petition. In support of this proposition, they rely mainly upon the rule announced in Abilene Independent Telephone & Telegraph Co. v. Williams, 111 Tex. 102, 229 S.W. 847; Wichita Coca Cola Bottling Co. v. Levine, Tex.Civ.App., 68 S.W.2d 310, writ refused; and Arcola Sugar Mills Co. v. Doherty, Tex.Civ.App., 254 S.W. 650, writ refused.

■ In each of those cases the similarity of corporate names and their known residence or locality in which they operated distinguish them from the facts in the case now before us. In the first cited case, injunction was sought to restrain the collection of a judgment theretofore rendered against a corporation when it had not been sued in its proper corporate name. Williams had sued "Abilene Independent Telephone Company" for damages. The process issued commanded the officer to serve "Abilene Telephone Company". The citation gave the name of defendant as "Abilene Telephone Company". The citation was returned as served on "Abilene Independent Telephone Company". The true corporate name of the telephone company at Abilene, Texas, was "Abilene Independent Telephone & Telegraph Company". The process was served on one Klotz, who was agent and manager of the corporation. Judge Greenwood, speaking for the court, held that the facts in that case would admit of no other theory than that the defendant was sued in a name different from that of its real corporate name, and that neither the petition nor the citation left in doubt the identity of the defendant as the party intended to be sued. It was also there held that misnaming a corporation in a petition and process has no different effect from cases in which individuals are sued in a name or initial differing from the real name or initial. The test seems to be whether or not the right person was sued, and whether or not he was put on notice that he, and not some other person, had been sued.

In Anderson v. Zorn, 62 Tex.Civ.App. 547, 131 S.W. 835, John Doe Zorn was named in the petition as defendant. His real name was Jacob Zorn; he was personally served with citation and did not answer. A default judgment was taken against him in the name of J. A. Zorn, those initials being correct as to his full name. It was held that, under the cir-

cumstances, he must have known he was the man sued and the default judgment was sustained.

We think, under the authorities cited, if this case had continued to trial in the form instituted against "Fort Worth Properties *Association*" and the agent of "Fort Worth Properties *Corporation*" was served, as was done, then when it appeared from the evidence that the last named corporation was the one sought to be held, it could not have defeated a recovery, alone upon account of the misnomer. In such circumstances, plaintiffs would have brought themselves well within the rule announced in the above cited cases.

■ There are clear distinctions between those cases and the present situation. Here, there was a corporation operating in Fort Worth, which formerly owned the property upon which Mrs. West was injured. Its corporate name was "Fort Worth Properties Corporation". It could have been held under proof of liability, even though sued in the name of "Fort Worth Properties Association", when allegations clearly showed that was the intention of the pleader. That corporation continued to exist until in July of 1935, nearly a year after the accident. In law, it continued to exist for all purposes of this suit, for a period of three years after its charter was forfeited, acting through its officers, as trustees. Articles 1388, 1389 and 1391, R.C.S.

■ ■ The rule applied in cases of misnomer of defendant cannot be extended to cover and include another entirely distinct person from the one sued, by the inference to be drawn from the petition, as in this case, that plaintiffs intended to sue the person or corporation who owned the parking lot at the time of the accident. This is especially true here, for the reason the named defendants were specifically alleged to be the owners and operators of the lot. A general denial by defendants would put all material allegations in issue.

■ While the trial was in progress, as above shown, plaintiffs learned that the true owner, at the time Mrs. West was injured, was "The Fair Building Corporation", and they then amended and sued that corporation for the first time. It is true that Clay J. Berry was agent for both corporations at the time the accident happened, and that he was served with process. But such service and notice was for the purpose of binding the corporation

which in fact was sued. That service would not have the effect to bind other corporations that Berry may have chanced to represent as an agent, when they were in no way involved in the litigation shown by the process served on him. If the newly named defendant, The Fair Building Corporation, had seen fit to claim the right, it was entitled to service of citation on it after the amendment was filed, but this does not enter into this case because it appeared, answered and proceeded with the trial. The amended pleading, which made that corporation a party defendant for the first time, came after the cause of action was barred by the two years' statute of limitations. This fact, being fully established without dispute as to time, warranted the instructed verdict against plaintiffs. The other cases cited by plaintiffs and mentioned above are to the same effect as the rule announced in the Abilene Independent Telephone & Telegraph Co. case, supra.

To put it another way, can it be said that under the allegations made in the original petition against Fort Worth Properties Association (which we think would have bound "Fort Worth Properties Corporation" under proper proof) a judgment against The Fair Building Corporation could have been sustained? We think not. The two are separate and distinct corporations, both in existence in Fort Worth, Texas, operating and functioning at the time of the accident complained of. When the suit was filed, both were available, the first acting through its trustees and the second in its corporate name. There is no similarity in their corporate names, and plaintiffs sued the one they thought liable for the wrongs alleged. This is not such a misnomer in the petition as will permit plaintiffs to recover against the real offender in the face of statutory limitations. We think plaintiffs sued the wrong party and did not discover the mistake until limitation had precluded a recovery against the proper defendant.

The record before us also discloses that Fort Worth Properties Corporation conveyed the property on which the accident is alleged to have occurred to The Fort Worth Grain & Cotton Exchange and Fair Building Co. (the corporate name by which The Fair Building Corporation was then incorporated) on April 14th, 1931, by deed duly recorded in the deed records of Tarrant County, Texas, on July 30th, 1931, in Volume 1140, at page 446. It further appears by a certificate of the Secretary of State that the corporate name of Fort Worth Grain & Cotton Exchange and Fair Building Company, upon an application of date September 8th, 1931, was changed to The Fair Building Corporation. These were public records, open to plaintiffs at all times.

The amended petition, insofar as The Fair Building Corporation was concerned, was the beginning of a new suit by plaintiffs, as distinguished from the recovery sought in the original petition against other defendants therein named. The amendment does not, in such a case as this, where recovery is sought against a new and different party, fall within the rule that proper amendments of pleadings will toll limitation from the date suit was instituted. The difference between that principle and the one here involved is obvious.

If we are correct in holding that the defendant, The Fair Building Corporation, was sued for the first time upon the filing of the amended petition, then plaintiffs' alleged cause of action was more than two years old and the trial court properly instructed a verdict in its favor.

Other assignments of error are based upon facts raised by the evidence in the trial concerning acts of negligence, which should have been submitted to the jury, but for the fact, as we have shown, plaintiffs' cause of action was barred, and no recovery could be had, regardless of the negligence of employees complained of. All assignments of error are overruled and the judgment of the trial court is affirmed.