**HALLAWAY v. THOMPSON.**

No. 2735.

Court of Civil Appeals of Texas. Eastland.

July 8, 1949.

Rehearing Denied Sept. 9, 1949.

Collins, Dies, Williams & Garrison, Lufkin, Kemp, Lewright, Dyer & Sorrell, Corpus Christi, for appellant.

Kleberg, Eckhardt, Mobley, Lockett & Weil, Corpus Christi, for appellee.

GRISSOM, Chief Justice.

B. C. Hallaway was injured on December 1, 1944, while working as a switchman on the San Antonio, Uvalde & Gulf Railroad Company's train in a collision between said train and the automobile of James B. Walker. Guy A. Thompson was then the trustee for said railroad company. He was also then the trustee for the St. Louis, Brownsville & Mexico Railway Company. For convenience, the St. Louis, Brownsville & Mexico Railway Company will be hereafter referred to as Mexico Railway Company and the San Antonio, Uvalde & Gulf Railroad Company as Gulf Railroad Company.

On November 19, 1946, Hallaway filed suit for damages caused by said injury against Guy A. Thompson, as trustee for the Mexico Railway Company, and James B. Walker. He alleged that Thompson was the trustee for the Mexico Railway Company, having been duly appointed as such by a United States District Court in Cause No. 6935, styled "In the matter of Missouri-Pacific Railroad Company, Debtor, in Proceedings for the Reorganization of a Railroad." Hallaway further alleged that at the time of his injury, Thompson, as trustee thereof, was "in the possession of all of the properties of said St. Louis, Brownsville & Mexico Railway Company * * *" and that Thompson was operating the same as a carrier and that Hallaway was in the employ of Thompson, as such trustee, in the capacity of a switchman. Hallaway alleged he was injured as a result of the negligence of said defendant's engineer. On December 16, 1946, Thompson, as trustee for the Mexico Railway Company, filed an answer containing, among other things, a general denial and allegations that plaintiff and the operators of the engine and tender referred to in plaintiff's petition "were not engaged in any business of this defendant and were not acting in the furtherance of any business of this defendant, or as employees of this defendant."

On August 12, 1947, Hallaway filed his first amended petition alleging that he was "still complaining of Guy A. Thompson, trustee for the St. Louis, Brownsville & Mexico Railway Company * * *." On December 12, 1947, Hallaway filed his second amended petition in which he alleged he was "still complaining of the defendant, James B. Walker, and of the defendant Guy A. Thompson, trustee, in his capacity as trustee for the St. Louis, Brownsville & Mexico Railway Company, a Texas Corporation, and also complaining of the said Guy A. Thompson in his capacity as Trustee for the San Antonio, Uvalde & Gulf Railroad Company * * *." Thus it is disclosed that on December 12, 1947, more than three years after his injury, Hallaway, for the first time, sued Thompson as trustee for the Gulf Railroad Company. In said second amended petition he alleged the defendant trustee was at the time of his injury and at the time of the filing of said petition in possession of all

the property of said railroad companies, operating same as common carriers and running and operating said two companies, together with other railroad companies unnecessary to be herein named, as an inter-related or common system of railroads, generally known as the Missouri-Pacific System, having various employees who performed service for each of said railroad companies during the same period of time, with the same common counsel, and that it was a matter peculiarly within the knowledge of the defendant Trustee as to when an individual employee was working and operating for him in his capacity as Trustee for the said St. Louis, Brownsville & Mexico Railway Company, or in his capacity as trustee for the said San Antonio, Uvalde & Gulf Railroad Company. Hallaway further alleged that it was impossible for him to determine whether at the time of his injury he was an employee of the defendant in his capacity as trustee for the Mexico Railway Company or as trustee for the Gulf Railroad Company but that, in any event, he was then an employee of the defendant trustee in one of said capacities and he sought judgment against Thompson "in the particular capacity in which the proof may actually show him to have been acting at the time of said accident."

On April 22, 1948, Hallaway filed his third amended petition in which he asked judgment against Thompson as trustee for the Gulf Railroad Company, dropping the Mexico Railway Company from the suit. He alleged in this petition, as he had theretofore, that said trustee was in possession of all the properties of the Gulf Railroad Company and Mexico Railway Company and was operating said railroads, together with the properties of other railroads, as an inter-related or common system of railroads generally known as the Missouri-Pacific System, and that it was difficult to determine when an individual employee was working and operating for said trustee as trustee for the Mexico Railway Company or when he was working as an employee of said trustee in his capacity as trustee for the Gulf Railroad Company. He further alleged that when he filed his original petition he was informed and believed (with-

out stating the source of his information) that he was acting as an employee of Thompson, as trustee for the Mexico Railway Company, but when he filed his second amended petition he had learned there was some question "as to which of the capacities the defendant occupied on the occasion in question." Hallaway then alleged that he was informed and believed that at the time he was injured he and the engine crew were operating the switch engine for Thompson as a trustee for the Gulf Railroad Company and, therefore, he sought judgment against Thompson as trustee for the Gulf Railroad Company.

Thompson, as trustee for the Gulf Railroad Company, filed an answer to plaintiff's third amended petition in which he excepted to said petition because the cause of action alleged against Thompson, as trustee for the Gulf Railroad Company, accrued more than two years prior to the commencement of the suit against said defendant and more than two years prior to the filing of his second amended petition in which said defendant was made a party for the first time. He excepted for the further reason that if plaintiff's cause of action was covered by the Federal Employers' Liability Act it accrued more than three years prior to the commencement of this action against said defendant and more than three years prior to the filing of plaintiff's second amended petition, in which for the first time Thompson, as trustee for the Gulf Railroad Company, was made a defendant and, therefore, Hallaway's cause of action was barred by limitation. The court sustained said exceptions. Hallaway declined to amend and his case was dismissed. From this judgment Hallaway has appealed.

■ Although appellant presents several points, the only question for decision is whether the court was correct in sustaining said exceptions. Appellant contends that the one basic question presented is whether a pleading changing the capacity in which a defendant is sued constitutes a new cause of action. We think the pleadings show more than a mere change in the capacity in which appellee was sued. Hallaway's amended petition, filed after the period of limitation had expired, against Thompson,

as trustee for the Gulf Railroad Company, although still against Thompson as trustee alleged he was trustee for an entirely different and distinct corporation from the one named in his original petition. He alleged in said amended petition that Hallaway was injured while employed by Thompson, as trustee for the Gulf Railroad Company, and, in legal effect, sought recovery out of the property of the Gulf Railroad Company in the hands of said trustee, whereas, prior to that time Hallaway had alleged he was injured while working for Thompson as trustee for the Mexico Railway Company, and sought recovery out of the funds of that corporation. We think that Thompson, as trustee, had, in effect, the status of a receiver and that this suit is in the nature of an action in rem. While against Thompson in his official capacity, its effect was to enforce an alleged liability against the property or fund in his hands belonging to a particular railroad and collect out of that particular fund, not out of the general fund or property of the several railroad corporations managed by him under a court appointment which designated him as trustee but which was tantamount to a receivership. If Hallaway obtained judgment it would be "paid out of the assets of such railroad corporation * * *." Title 11, U.S.C.A. § 205, sub. n; Ziegler v. Pitney, 2 Cir., 139 F.2d 595, 596; McNulta v. Lochridge, 141 U.S. 327, 12 S.Ct. 11, 13, 35 L.Ed. 796. See also Thompson v. State of Louisiana, 8 Cir., 98 F.2d 108, 110. "By the definitive terms of Chapter I of the Amendatory Act, 11 U.S.C.A. § 1, the word "trustee" includes receivers." Title 11, U.S.C.A. Bankruptcy, § 501 to End, Commentary on The Chandler Act, page XV. "The procedure is substantially that of an equity receivership." Ibid. page XXVI. See also Title 11, U.S.C.A. § 205, sub. C(3); In re Chicago, R. I. & P. Ry. Co., 7 Cir., 108 F.2d 410. The Supreme Court of Alabama in Callaway v. Security Loan Corp., 249 Ala. 81, 29 So.2d 567, 568, speaking of a trustee such as Thompson, said: "* * * the trustee in the instant case is in effect a receiver and the rule of law applicable to receivers is equally applicable to such trus-

tee." See also Dillingham v. Bryant, Tex. Civ.App., 14 S.W. 1017; 36 Tex.Jur. 300.

Appellant's contention is that, although he sued Thompson originally as trustee for the Mexico Railway Company and did not sue Thompson as trustee for the Gulf Railroad Company until after the period of limitation had run, this did not constitute the bringing of a new cause of action because both suits were against Thompson, who was trustee for each of said companies, as well as others, and, therefore, the amendment only changed the capacity of the defendant, who was only one person.

In St. Louis, Brownsville & Mexico Railway Company v. McLean, Tex.Com. App., 253 S.W. 248, 250, McLean, a conductor on the St. Louis, Brownsville & Mexico Railway Company, was killed in a collision between that company's train and a train of the Texas-Mexican Railway Company. Both of the trains were being operated under orders of the Director General of Railroads. McLean's widow sued the Director General and the two companies. The two companies were dropped from the case which proceeded only against the Director General. The Director General answered on behalf of his operation for the St. Louis, Brownsville & Mexico Railway Company that any liability as Director General of that Company was under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and, therefore, McLean's contributory negligence did not bar recovery but only reduced it proportionately. The Director General filed a separate answer on behalf of his operation of the Texas-Mexican Railway Company asserting that as to it he was not McLean's employer and any liability was for common law negligence and, as to the latter railway, McLean's contributory negligence completely barred any recovery. The Commission, with the express approval of the Supreme Court, held that the legal liability of the Director General related to separate entities and that the Director General in respect to his operation of one railroad was a different party from the Director General in respect to the operation of a different railroad, so far as liability growing out of

their operation was concerned. The court quoted the following from the opinion of the U. S. Supreme Court in Missouri Pacific Railroad Co. v. Ault, 256 U.S. 554, 561, 41 S.Ct. 593, 595, 65 L.Ed. 1087: "The situation was analogous to that which would exist if there were a general receivership of each transportation system."

The Commission, in an opinion by Judge German, said [253 S.W. 250]:

"The conclusion deduced from this decision and numerous other decisions is: That while the control and power over all railroads and transportation systems by the government under federal control was supreme and exclusive, so far as management and operation to the accomplishment of the purpose of the government was concerned, yet this control did not effect a consolidation of the individual companies, so far as their respective legal rights and liabilities were concerned; but each and all remained separate and distinct entities, and liability of the Director General could not be maintained because of his position as directing and controlling head of all railroads, but could be maintained only when it grew out of the possession, use, control, or operation of some particular railroad or transportation system; and it was necessary for him to be sued in his capacity as Director General in respect to such particular railroad system.

\* \* \* \* \* \*

"Under the clear import of the act of Congress and the authority of the decisions referred to, the Director General in his operation of the St. Louis, Brownsville & Mexico Railroad should be regarded as distinctly a different person from the Director General in respect of the operation of the Texas Mexican Railway; and in these two relations he was entitled to assert different defenses and avail himself of all the rights which might have been claimed by the two railway companies, in the absence of federal control."

See also Granquist v. Duluth, M. & N. Ry. Co., 155 Minn. 217, 193 N.W. 126; Farr v. St. Louis Southwestern Ry. Co., 154 Ark. 585, 243 S.W. 800; Payne, Agent v. Lyon, 154 Ga. 501, 114 S.E. 892; Byrd &

Parker v. Davis, 188 N.C. 150, 124 S.E. 123; Manbar Coal Co. v. Davis, 4 Cir., 297 F. 24; Davis, Federal Agent v. Standard Rice Co., Tex.Civ.App., 293 S.W. 593, Dis. W.O.J.; 36 Tex.Jur. 300; Texas & Pacific Railway Company v. Huffman, 83 Tex. 286, 18 S.W. 741; 28 Tex.Jur. 206; Henderson v. Kissam, 8 Tex. 46 and West v. Johnson, Tex. Civ.App., 129 S.W.2d 811.

■ "The question whether a new cause of action is introduced by an amended pleading, as respects limitations, generally is held to depend on whether a recovery on one would bar recovery on the other, whether the same evidence would support both, whether the measure of damages is the same, and whether the pleadings are subject to the same defenses." 54 C.J.S., Limitations of Actions, § 279, page 322. See also Morales v. Fisk, 66 Tex. 189, 18 S.W. 495; Hopper v. Hargrove, Tex.Civ.App., 154 S. W.2d 978, writ ref., and Phoenix Lumber Co., v. Houston Water Company, 94 Tex. 456, 61 S.W. 707.

■ It is evident that appellant's amended petition does not meet either of the first two tests mentioned above. A recovery on the original petition against Thompson, as trustee for the Mexico Railway Company, wherein Hallaway alleged he was employed by Thompson as trustee for the Mexico Railway Company would not bar a recovery under the amendment wherein Thompson is sued as trustee for the Gulf Railroad Company, and wherein Hallaway sued as an employee of Thompson as trustee for the Gulf Railroad Company. In his first petition Hallaway sought recovery out of the property of the Mexico Railway Company. He now seeks recovery out of the property of the Gulf Railroad Company. Hallaway is in the same position as if his suit had been against a receiver. Missouri Pacific Railway Co. v. Ault and St. Louis, Brownsville & Mexico Railway Company v. McLean, supra. It is clear, we think, that a recovery under the original petition would not bar recovery under the amended petition and the same evidence would not support a judgment under both pleadings. We conclude that the cause of action asserted after expiration of the limitation period

against Thompson, as trustee for the Gulf Railroad Company, wherein appellant sued as such employee, was barred by the statutes of limitation asserted.

The judgment is affirmed.