Dezso 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-95-00539-CV







Elsie Dezso, Appellant



v.



Paul Harwood, Appellee







FROM THE COUNTY COURT OF AT LAW NO. 2 OF TRAVIS COUNTY


NO. 224,370, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING







 Our opinion of May 1, 1996 is withdrawn and this one is substituted in its place.

 Elsie Dezso appeals by writ of error a default judgment rendered against her March
27, 1995 in favor of Paul Harwood. In four points of error, Elsie Dezso contends that the trial
court erred in rendering a default judgment against her because she was not a party to the suit and
she was not properly served with citation, as the citation did not include the name "Elsie Dezso." 
We will affirm the default judgment.



BACKGROUND


 In his original petition, Harwood alleged that he entered into a distributorship
agreement with Elsie Dezso's son, Danny Dezso, and Danny's business, Christian Symbols,
acting for themselves and as authorized agents of Judi Dezso, Judi's Cupboard, Judi's Card and
Gift Shop and Christian Symbols. The agreement would have allowed Harwood to obtain display
cases, jewelry merchandise, and other products to be sold in Austin and surrounding areas. 
Additionally, the contract provided that Danny Dezso would assist in marketing the merchandise. 
Harwood paid for the distributorship in part by cash and in part by charging $3,905 on his credit
cards through Judi's Cupboard and Judi's Card and Gift Shop.

 In February 1995, Harwood filed suit under the Deceptive Trade Practices -
Consumer Protection Act alleging breach of warranty, breach of contract, and other
misrepresentations with regard to the distributorship agreement. See Tex. Bus. & Com. Code
Ann. §§ 17.41-19.47 (West 1987 & Supp. 1996).

 Elsie Dezso operates Judi's Cupboard, Inc., also doing business as Judi's Card and
Gift Shop; she owns the corporation with her husband and her two daughters. Danny Dezso
operates a separate business known as Christian Symbols. Danny is married to Judi Dezso, who
has no apparent connection with Elsie Dezso's businesses and had no business dealings with Mr.
Harwood. (1) 

 Because Elsie Dezso's businesses are called "Judi's Cupboard" and "Judi's Card
and Gift Shop," Harwood mistakenly believed that the appropriate defendant in his action was
named Judi Dezso, when in fact her name was Elsie Dezso. Accordingly, the original citation
was issued to "Dezso, Judi Individually and DBA Judi's Cupboard DBA Judi's Card & Gift Shop
& DBA Christian Symbols" without mention of Elsie Dezso. Attached to the citation was
Harwood's original petition reciting his DTPA claims. Although Harwood referred to Elsie
Dezso as Judi Dezso in the petition, the petition explicitly listed all the DTPA complaints
regarding his contractual agreement with Elsie Dezso and her son. Elsie Dezso does not dispute
that she was actually served with the citation and the original petition.

 When Elsie Dezso failed to respond to the citation, Harwood obtained a default
judgment against her. The default judgment refers to Elsie Dezso as "Judi Dezso, also known as
Elsie Dezso, individually and doing business as Christian Symbols, Judi's Cupboard and Judi's
Card and Gift Shop . . . ." Elsie Dezso filed a writ of error seeking to overturn the default
judgment.



DISCUSSION AND HOLDINGS


 By her four points of error, Elsie Dezso essentially contends that the trial court
erred in rendering a default judgment against her, because her name did not appear on the citation. 
Elsie Dezso asserts that because she was not an intended party to the suit the default judgment
cannot stand.

 An appeal by writ of error directly attacks the default judgment. McKanna v.
Edgar, 388 S.W.2d 927, 928 (Tex. 1965). In such an appeal "the question to be decided is
whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the
trial court's judgment." Id. Elsie Dezso basically argues that because the name Elsie Dezso was
not on the citation or pleadings, she was not a party to the suit; thus, jurisdiction would not be
proper over her. In cases such as the one at hand, "it is essential that the record affirmatively
show a strict compliance with the provided manner and mode of service of process." Id. The
record in this case indicates that Elsie Dezso did in fact receive service of process, although under
a misnomer.

 Elsie Dezso asserts that this is not a case of misnomer, but instead is a case of
misidentification in which the wrong defendant was served. If the wrong defendant was served,
the default judgment cannot stand. Callan v. Bartlett Elec. Coop., 423 S.W.2d 149, 156 (Tex.
Civ. App.--Austin 1968, writ ref'd n.r.e.); Thomas v. Cactus Drilling Corp., 405 S.W.2d 214,
216 (Tex. Civ. App.--Austin 1966, no writ). In Thomas, this Court stated:



The principle of these cases is simple. If a person thought to be named A is sued
and served under that name the judgment against him is valid even though his name
is B. But if one has a cause of action against a person with the same or similar
name, service on the person against whom one has no cause of action will not
support a judgment against the one amenable to the cause of action asserted.



Id. Elsie Dezso seems to rely on Thomas and similar cases in arguing that when there are two
separate persons or corporations involved with the same or similar names, the case is one of
mistaken identity. However, these cases simply explain that when the incorrect defendant is
served with citation, a default judgment against such incorrect defendant cannot extend to cover
the correct defendant, even if their names are the same or similar.

 When the correct defendant is served under the wrong name the case is not one of
misidentification but rather misnomer. Enserch Corp. v. Parker, 794 S.W.2d 2, 4-5 (Tex. 1990);
Adams v. Consolidated Underwriters, 124 S.W.2d 840, 841 (Tex. 1939); West v. Johnson, 129
S.W.2d 811, 815 (Tex. Civ. App.--Fort Worth 1939, writ ref'd); Haley v. Young, 541 S.W.2d
217, 219 (Tex. Civ. App.--Houston 1976, no writ). The supreme court in Adams explained the
misnomer rule:



When a person intended to be sued is sued and served by a wrong name, and such
person fails to appear and plead such misnomer in abatement, and suffers judgment
to be obtained, he is bound by such judgment, and in all future litigation he may
be connected with such suit or judgment by proper averments; and when such
averments are made and proved, the party intended to be named in the judgment
is affected or concluded to the same extent that he would have been if he had been
named and served by his true name.



Adams, 124 S.W.2d at 841. As the court in West stated, "The test seems to be whether or not the
right person was sued, and whether or not he was put on notice that he, and not some other
person, had been sued." West, 129 S.W.2d at 815.

 Given the circumstances in this case, we believe that Elsie Dezso had adequate
notice that she had been sued by Harwood. Although the citation did not refer to Elsie Dezso by
her correct name, her corporation and its business names were on the citation. Additionally, the
original petition expressly pointed out all of Harwood's complaints regarding his dealings with
Elsie Dezso, her son, and the related businesses. Based on the allegations in the petition, Elsie
Dezso knew that her daughter-in-law, Judi Dezso, was not in any way involved in the business
dealings that formed the basis of Harwood's lawsuit. The allegations also made clear that Elsie
Dezso's businesses, Judi's Cupboard and Judi's Card and Gift Shop, were involved in the
transactions that were the subject of Harwood's suit. Further, Elsie Dezso testified at a hearing
on her motion to set aside the default judgment that "[s]ince the store's name is Judi, a lot of
people will call me Judi because . . . they think it is my name." Based on these factors, Elsie
Dezso should have logically concluded that Harwood intended to sue her and that he had simply
misnamed her.

 Texas case law supports the principle that unless the pleadings and citation actually
mislead the misnamed defendant, a default judgment will not be rendered void. Baker v. Charles,
746 S.W.2d 854, 855 (Tex. App.--Corpus Christi 1988, no writ); Cockrell v. Estevez, 737 S.W.2d
138, 140 (Tex. App.--San Antonio 1987, no writ). The Cockrell court stated:



When an intended defendant is sued under an incorrect name, jurisdiction is proper
after service on defendant under misnomer, but it must be clear that no one was
misled.



 A misnomer of a defendant does not render a judgment based on personal
service, even one by default, void, provided the intention to sue the defendant
actually served with citation is so evident from the pleadings and process that the
defendant could not have been misled.



Cockrell, 737 S.W.2d at 140 (citations omitted). In the circumstances of this case, Elsie Dezso
could not have been misled into believing that her daughter-in-law was the intended defendant of
Harwood's suit regarding the distributorship.

 It is apparent that Elsie Dezso was Harwood's intended defendant and was simply
misnamed. Appellant was, therefore, a party to the suit who was properly served with citation,
and there is no lack of jurisdiction apparent on the face of the record. Accordingly, we overrule
all four points of error.

 Having found no error, we affirm the default judgment.



 

 Bea Ann Smith, Justice


Before Justices Powers, Jones and B. A. Smith


Affirmed


Filed: June 26, 1996


Publish
1. [1]  Although Danny Dezso was a party in the original suit, the trial court severed the claims
as to him.



> defendant, even if their names are the same or similar.

 When the correct defendant is served under the wrong name the case is not one of
misidentification but rather misnomer. Enserch Corp. v. Parker, 794 S.W.2d 2, 4-5 (Tex. 1990);
Adams v. Consolidated Underwriters, 124 S.W.2d 840, 841 (Tex. 1939); West v. Johnson, 129
S.W.2d 811, 815 (Tex. Civ. App.--Fort Worth 1939, writ ref'd); Haley v. Young, 541 S.W.2d
217, 219 (Tex. Civ. App.--Houston 1976, no writ). The supreme court in Adams explained the
misnomer rule:



When a person intended to be sued is sued and served by a wrong name, and such
person fails to appear and plead such misnomer in abatement, and suffers judgment
to be obtained, he is bound by such judgment, and in all future litigation he may
be connected with such suit or judgment by proper averments; and when such
averments are made and proved, the party intended to be named in the judgment
is affected or concluded to the same extent that he would have been if he had been
named and served by his true name.



Adams, 124 S.W.2d at 841. As the court in West stated, "The test seems to be whether or not the
right person was sued, and whether or not he was put on notice that he, and not some other
person, had been sued." West, 129 S.W.2d at 815.

 Given the circumstances in this case, we believe that Elsie Dezso had adequate
notice that she had been sued by Harwood. Although the citation did not refer to Elsie Dezso by
her correct name, her corporation and its business names were on the citation. Additionally, the
original petition expressly pointed out all of Harwood's complaints regarding his dealings with
Elsie Dezso, her son, and the related businesses. Based on the allegations in the petition, Elsie
Dezso knew that her daughter-in-law, Judi Dezso, was not in any way involved in the business
dealings that formed the basis of Harwood's lawsuit. The allegations also made clear that Elsie
Dezso's businesses, Judi's Cupboard and Judi's Card and Gift Shop, were